IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Daniel D. Domenico**

Criminal Action No. 1:20-cr-00305-DDD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MICHAEL AARON TEW, KIMBERLY ANN TEW, and JONATHAN K. YIOULOS,

    Defendants.

## ORDER SETTING TRIAL DATE AND RELATED DEADLINES

This matter comes before the court for the setting of a trial date and related pretrial deadlines for Defendants Michael Aaron Tew, Kimberly Ann Tew, and Jonathan Yioulous.

As a preliminary matter, the court notes that the Speedy Trial Act's time limits began to run against Defendant Michael Aaron Tew when the court unsealed the information against him on January 20, 2021. *See* 18 U.S.C. 3161(c)(1); Doc. 81. He was later indicted on February 3, 2021, Doc. 83, and had his initial appearance on February 5, 2021, Doc. 90. But when, as here, several defendants are joined in one prosecution, "the general rule is that all defendants . . . fall within the speedy trial computation of the latest codefendant." *United States v. Margheim*, 770 F.3d 1312, 1318–19 (10th Cir. 2014). Indeed, the Speedy Trial Act excepts any "reasonable delay" from the Act's time constraints "when the Defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been filed." 18 U.S.C. § 3161(h)(6). The joint trial date set in this order for all three

Defendants falls outside Mr. Tew's initial Speedy Trial time computation of March 31, 2021. The court nevertheless **RESETS** Mr. Tew's trial deadline to occur concurrently with his co-defendants as explained below. No motion for severance has been filed and the court finds that the nineteen-day delay is reasonable under § 3161(h)(6). Among other things, the delay is reasonable given the ongoing disruptions caused by COVID-19, the fact that the Grand Jury has met only sporadically, and the fact that efficiency will be served by trying the Defendants together. The court thus **EXCLUDES** nineteen days from Mr. Tew's Speedy Trial clock.

Pursuant to the Speedy Trial Act, 18 U.S.C. §§ 3161-74, the Federal Rules of Criminal Procedure, and the Local Rules of Practice for the United States District Court for the District of Colorado, it is ORDERED that:

1. An **eight-day jury trial** is set to commence at **9:00 a.m.** on **April 19, 2021** in Courtroom A 702 of the Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, CO 80294; and

2. A Trial Preparation Conference is set for **1:30 p.m.** on **April 12, 2021** in Courtroom A 702. The parties should be prepared to address the following issues at the Trial Preparation Conference: (1) any outstanding motions; (2) jury selection and jury instructions; (3) sequestration of witnesses; (4) timing of presentation of witnesses and evidence; (5) anticipated evidentiary issues; (6) any stipulations of fact or law; and (7) any other issue affecting the duration or course of the trial.

It is FURTHER ORDERED that:

1. All pretrial motions shall be filed no later than **March 12, 2021**, responses to those motions shall be filed no later than **March 17, 2021**, and no replies shall be permitted without prior leave of the Court. Prior to filing any discovery motion, counsel for the moving party or a pro se party shall confer or make reasonable, good faith efforts to confer with any opposing counsel or pro se party to resolve the dispute(s). If the parties are able to resolve the dispute(s), they shall file a motion titled "Unopposed Motion for _____," and shall file the proposed order they wish the Court to enter via CM/ECF and email a copy in editable Word format to Domenico_Chambers@cod.uscourts.gov. If the parties are unable to resolve the dispute(s), the moving party shall describe in the motion, or in a certificate attached to the motion, the specific efforts taken to comply with this order to confer and the position of each party at the time the conferral process broke down;

2. Expert witness disclosures pursuant to Federal Rule of Criminal Procedure 16(a)(1)(G) and (b)(1)(C) shall be made no later than **four weeks** prior to the Trial Preparation Conference, and any challenges to such experts shall be made no later than **three weeks** prior to the Trial Preparation Conference;

3. Rebuttal expert witness disclosures shall be made no later than **two weeks** prior to the Trial Preparation Conference, and any challenges to such rebuttal experts shall be made no later than **one week** prior to the Trial Preparation Conference; and

4. Pursuant to Local Criminal Rule 11.1(a), any notice of disposition shall be filed no later than **fourteen days** before trial, absent an order permitting or directing otherwise. Upon the filing of a notice of disposition, the Court generally will convert the Trial Preparation Conference to a change of plea hearing.

It is FURTHER ORDERED that:

1. If a party files a motion *in limine*, it is due **seven days** before the Trial Preparation Conference. However, motions *in limine* are discouraged when the motion cannot be resolved until evidence is presented at trial; instead, such evidentiary issues can be flagged in a trial brief. Responses to motions *in limine* are due **two business days** before the Trial Preparation Conference, and no replies will be permitted without leave of Court;

2. The parties shall file their proposed jury instructions and verdict forms **four business days** before the Trial Preparation Conference. The proposed instructions shall identify the source of the instruction and supporting authority. Each instruction should be numbered (*e.g.*, "Government's Instruction No. 1"). Whenever practicable and appropriate, the parties shall use or adapt for use the Criminal Pattern Jury Instructions prepared by the Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit. The pattern instructions and updates may be found online at https://www.ca10.uscourts.gov/clerk/downloads/criminal-pattern-jury-instructions. The parties shall attempt to stipulate to the jury instructions, particularly "stock" instructions and verdict forms. The parties shall submit their proposed instructions and verdict forms both via CM/ECF and by email to Domenico_Chambers@cod.uscourts.gov in editable Word format. Proposed verdict forms shall be submitted in a separate file from the proposed jury instructions. Within the jury instruction file, each jury instruction shall begin on a new page;

3. If filed, trial briefs shall not exceed **2,700 words** and shall be filed no later than **two business days** before the Trial Preparation

Conference. Trial briefs are encouraged, but not required, and a trial brief may not be used as a substitute for a motion;

4. The parties shall file their proposed witness lists via CM/ECF **two business days** before the Trial Preparation Conference. Witness list forms can be found at http://www.cod.uscourts.gov/JudicialOfficers/ActiveArticleIIIJudges/HonDanielDDomenico.aspx;

5. The parties shall file their proposed exhibit lists via CM/ECF **two business days** before the Trial Preparation Conference. Exhibit list forms can be found at http://www.cod.uscourts.gov/JudicialOfficers/ActiveArticleIIIJudges/HonDanielDDomenico.aspx; and

6. The parties shall file their proposed *voir dire* questions **two business days** before the Trial Preparation Conference.

It is FURTHER ORDERED that counsel and pro se parties shall be present on the first day of trial at 8:30 a.m. Jury selection will begin at 9:00 a.m. Commencing the second day of trial, the normal trial day will begin at 9:00 a.m. and continue until 5:00 p.m. The trial day will have morning and afternoon recesses of approximately fifteen minutes in duration, and a lunch break of approximately 90 minutes.

DATED: February 11, 2021                BY THE COURT:

_____
Hon. Daniel D. Domenico
United States District Judge