IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**Criminal Action No. 20-cr-00305-DDD**

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. **MICHAEL AARON TEW**;

2. **KIMBERLEY ANN TEW**; and
   a/k/a Kimberley Vertanen

3. **JONATHAN K. YIOULOS**,

    **Defendants.**

---

### UNOPPOSED MOTION FOR PROTECTIVE ORDER

---

    Pursuant to Fed. R. Crim. P. 16(d), the United States of America respectfully moves for entry of a protective order governing use and disclosure of tax information, personal identifying information ("PII"), and other sensitive information.

    1.    Title 26 United States Code Section 6103(h)(4)(D) provides that returns or taxpayer return information may be disclosed "to the extent required by order of the court pursuant to . . . rule 16 of the Federal Rules of Criminal Procedure." Such order was entered in this matter on February 5, 2021. *See e.g.*, Discovery Conference Memorandum and Order, Dkt. No. 91 (re: Michael Aaron Tew).

    2.    Although disclosure is appropriate, the tax information at issue contains confidential

information and details about primarily defendant Michael Aaron Tew and, in a more limited capacity, defendant Kimberley Ann Tew. In addition to sensitive tax information, the government's discovery in this matter includes many documents that contain Personal Identifying Information (PII) subject to redaction under Rule 49.1 of the Federal Rules of Criminal Procedure. Such PII includes, for example, bank account numbers, driver's license numbers, complete social security numbers, and addresses. This PII belongs to the co-defendants in addition to co-defendants' family members and associates. The government's discovery further includes sensitive financial and other banking information related to the victim company. Finally, the government has collected electronic evidence – for example, extractions of cell phones – that may include photos or depictions of the defendants' minor children or stepchildren of the sort that would typically be found on parents' cell phones.

3. The current discovery in this case includes, for example, records from more than ten financial institutions, many of which have records related to multiple bank accounts over multiple years, along with other financial records. As a result, the government has designated this as a "document disclosure extensive" matter on the discovery conference memoranda. *See e.g.*, Dkt. 91 (Discovery Conference Memorandum for Michael Aaron Tew). The PII described above is found throughout the discovery materials. Redaction of this information would be extremely time-consuming and would significantly delay the government's provision of discovery to the defendants.

4. Rule 16(d)(1) of the Federal Rules of Criminal Procedure gives the Court broad authorization to issue an appropriate protective order governing discovery for good cause shown. Given the sensitive nature of tax information, PII, as well as banking and financial information about the victim company, concerns about the privacy of minors, and the statutes governing use and disclosure of such material, there is good cause for the court to issue the attached proposed protective

order. The government respectfully requests that the protective order be issued as follows:

      A.      Defense counsel shall exercise reasonable care in ensuring the confidentiality of all disclosed tax materials, documents disclosed that contain return information as defined in 26 U.S.C. § 6103, any notes or other materials prepared based upon or referring to information in the tax returns or return information, any documents containing PII, any documents or materials reflecting financial information for the alleged victim company, and any photographs or depictions of minor children (collectively, the "Protected Information"). Defense counsel shall use the Protected Information exclusively in connection with this case (including trial preparation, motions practice, trial, and appeals or other related legal proceedings), and for no other purpose. Each individual defendant is, however, authorized to use in any lawful manner Protected Information that reflects (a) only his or her own PII or that of the individual defendant's minor children, and (b) no other person's PII or any financial information about victims or other third parties.

      B.      The Protected Information may be viewed only by the defendants (subject to the conditions set forth in paragraph D), defense counsel, and such members of defense counsel's staff as are necessary for the purposes outlined above and, as it pertains to staff, only while necessary staff are operating under the direct supervision and control of defense counsel. Defense counsel shall ensure that all persons in their offices who are to handle the Protected Information read the protective order and are informed of their responsibility to safeguard this information. The Protected Information may also be shared with defense experts, but such experts must read the protective order in advance of provision of the Protected Information and be informed of their responsibility to safeguard this information.

C. Defense counsel shall make only such copies of or provide electronic access to the information described in paragraph B as is necessary to prepare a defense of this criminal case. Defense counsel shall keep a written record concerning how many copies were made, to whom those copies were delivered, and the dates of delivery and if access is provided to any person electronically, defense counsel shall keep a written record reflecting who was provided electronic access. Defense counsel shall also deliver a copy of the protective order with the materials, whether they are provided in physical copy or electronically.

D. Defense counsel is authorized to make only those copies of the Protected Information for the defendant(s) they represent that are necessary for the defense of the case and/or to provide the defendant with electronic access to the Protected Information. In the case of physical copies, defendants must store, secure, hold, and control their copy or copies of the Protected Information, and in the case of electronic access, defendants must store, secure, hold, and control their individual credentials to electronically access the Protected Information. Whether their access to the materials is through physical copy or electronically, defendants may not make any further copies of the Protected Information nor may they distribute or transmit the Protected Information to any party outside the scope of paragraph B, with the exception noted in paragraph A that each individual defendant is authorized to use in any lawful manner Protected Information that (a) reflects only his or her own PII or that of the individual defendant's minor children, and (b) contains no other person's PII or any financial information about victims or other third parties.

E. A copy of the protective order shall be kept with the Protected Information.

F. After all direct and collateral appeals have been exhausted in this matter,

defense counsel within thirty days of final order on the last direct or collateral appeal shall collect and destroy all copies of the Protected Information, with the exception of counsel's notes or work product that may contain return information, which defense counsel will retain consistent with the terms of this Order.

G. If a document containing Protected Information is filed with the court, the filing party must either redact the Protected Information from the document or, if the Protected Information is material to the court's determination, shall file the document as restricted at Level 1.

H. All parties are prohibited from use of any photographs or visual depictions of any minors produced in discovery in any Court proceeding or filing absent prior permission of the Court.

5. The government has conferred with Mr. Ekeland for defendants Michael Aaron Tew and Kimberley Ann Tew, and Michael Tallon for defendant Jonathan K. Yioulos, and is authorized to state that counsel does not oppose issuance of the order requested.

WHEREFORE, the United States respectfully requests entry of the attached proposed order permitting disclosure of the Protected Information and designating the sensitive information described herein as protected.

Respectfully submitted this 31st day of March, 2021.

                                           MATTHEW T. KIRSCH
                                           Acting United States Attorney

                                           By: *s/ Hetal J. Doshi*
                                           Hetal J. Doshi
                                           Andrea Surratt
                                           Assistant United States Attorneys
                                           United States Attorney's Office
                                           1801 California Street, Suite 1600
                                           Denver, Colorado 80202
                                           Telephone: (303) 454-0100
                                           Fax: (303) 454-0409
                                           E-mail:   Hetal.Doshi@usdoj.gov
                                                       Andrea.Surratt@usdoj.gov
                                           Attorneys for the United States

**CERTIFICATE OF SERVICE**

I hereby certify that on March 31, 2021, the foregoing **UNOPPOSED MOTION FOR PROTECTIVE ORDER** was filed with the Court using CM/ECF which will send notification of such filing to all counsel of record.

*s/ Hetal J. Doshi*
Hetal J. Doshi
