UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL AARON TEW,<br>KIMBERLEY ANN TEW, and<br>JONATHAN K. YIOULOS<br><br>Defendants. | 20-CR-00305-DDD<br><br>MOTION FOR A 3-MONTH ENDS<br>OF JUSTICE CONTINUANCE<br>UNDER 18 U. S. C. § 3161(h)(7) |

Under 18 U.S.C. § 3161(h)(7) Defendants' Michael Aaron Tew and Kimberly Ann Tew ("Defendants") counsel, hereby move this Court for a 3-Month Ends of Justice Continuance changing the current trial date from April 4, 2022, to July 5, 2022. Mr. and Mrs. Tew have informed us that they do not agree with this continuance. Counsel is filing this motion in order to prevent and/or avoid any foreseeable prejudice to the rights of Mr. and Mrs. Tew. As the pretrial motions are due January 3, 2022, we seek to push that deadline to April 4, 2022. Communication between the undersigned counsel and Defendants Mr. and Mrs. Tew has broken down and after multiple extensions, clients have failed to meet their contractual obligations to undersigned counsel as per their engagement letter. The attorney-client relationship is based on trust and confidentiality, a breakdown of that relationship serves as good cause for withdrawal.

As per Docket 162, undersigned counsel has withdrawn from this matter. We now request a continuance on behalf of Mr. and Mrs. Tew so that they may be appointed counsel under the Criminal Justice Act, or they retain new counsel. Undersigned counsel has conferenced

1

with the Government. The Government understands that we are withdrawing from this matter, and in order to provide Mr. and Mrs. Tew sufficient time to retain/be assigned new counsel, does not oppose the relief sought by this motion.

## Legal Standard

The Speedy Trial Act requires that a criminal defendant's trial commence within seventy days after his indictment or initial appearance, whichever is later.[1] "The dual purpose of the Speedy Trial Act is to protect a defendant's constitutional right to a speedy indictment and trial, and to serve the public interest in bringing prompt criminal proceedings."[2] Certain periods of delay are excluded under the Speedy Trial Act and do not count toward the 70-day "Speedy Trial Clock."[3] 18 U.S.C. § 3161 (h)(7) allows for periods of delay that "shall be excluded in computing the time . . . within which the trial of any ... offense must commence."[4] This excludable delay occurs when a court finds that "the ends of justice served by taking action outweigh the best interest of the public and the defendant in a speedy trial."[5] Courts routinely grant ends of justice continuances in cases like this.[6]

## Continuance Grounds

This is a complex case involving sixty counts of conspiracy, wire fraud, money laundering, and failure to file income taxes with three co-defendants. To date, the Government

---

[1] (*Id*. at 5-6); 18 U.S.C. § 3161 (c)(1).
[2] *See e.g., United States v. Nemecia-Garcia*, No. 14-cr-00144-CMA, 2016 U.S. Dist. LEXIS 197426, p. 5 (D. Colo. Feb. 12, 2016) (citing *United States v. Saltzman*, 984 F.2d 1087, 1090 (10th Cir. 1993)).
[3] *See* 18 U.S.C. § 3161 (h)(1) - (8).
[4] *See* 18 U.S.C. § 3161 (h)(7).
[5] *See* 18 U.S.C. § 3161 (h)(7).
[6] *See e.g., United States v. Hopson*, No. 12-cr-00444-LTB, 2014 U.S. Dist. LEXIS 9248, at *4 (D. Colo. Jan. 17, 2014).

has produced hundreds of thousands of documents and, in addition to those documents, more that approximately 300 gigabytes of electronically stored data. The Government has informed the Defendants that this is a "document disclosure extensive" matter on the Discovery Conference Memoranda.[7] In order for Mr. and Mrs. Tew find new counsel and for them to have sufficient time to get acclimated with the matter in order to file pretrial motions, we request the following continuance.

Defendants in criminal prosecutions shall enjoy the right to have the assistance of counsel for their Defense under the Sixth Amendment right to counsel.[8] Defendants have the right to representation by an attorney, with undersigned counsel withdrawing, Defendants will require time find new counsel and acquaint them with this matter.

## Conclusion

For the reasons stated above this Court should enter an order continuing this case until July 5, 2022.

Dated:  December 27, 2021
        Brooklyn, NY

---

[7] (*See e.g.*, Discovery Conference Memorandum for Michael Aaron Tew, Dkt. No. 91).
[8] *See United States v. Gonzalez-Lopez,* 548 U.S. 140.

Respectfully submitted,

/s/ Tor Ekeland

Tor Ekeland
(NYS Bar No. 4493631)
Tor Ekeland Law, PLLC

30 Wall Street
8th Floor
New York, NY
10005

(718) 737 - 7264
tor@torekeland.com


/s/ Michael Hassard

Michael Hassard
(NYS Bar No. 5824768)
Tor Ekeland Law, PLLC

30 Wall Street
8th Floor
New York, NY
10005

(718) 737 - 7264
michael@torekeland.com

/s/ Xuan Zhou
(CA Bar No. 333504)

30 Wall Street
8th Floor
New York, NY
10005


*Attorneys for Defendants Michael Tew and Kimberley Tew*

**CERTIFICATE OF WORD COUNT**

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

## CERTIFICATE OF SERVICE.

I hereby certify that on Monday, December 27, 2021, I electronically filed the foregoing UNOPPOSED MOTION FOR A 3-MONTH ENDS OF JUSTICE CONTINUANCE UNDER 18 U. S. C. § 3161(h)(7) with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to all opposing counsel of record.

/s/ Tor Ekeland