IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 20-cr-00305-DDD

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.

**1. MICHAEL AARON TEW; and**

**2. KIMBERLEY ANN TEW a/k/a
   Kimberley Vertanen,**

    Defendants.

---

## MOTION FOR AMENDMENT OF CONDITIONS OF RELEASE

---

    Defendant, Kimberley Ann Tew, by her counsel of record, Peter R. Bornstein, moves this Court for amendment of conditions of release entered by Magistrate Judge Mix on August 20, 2021. (Doc. 144 and Doc. 138).  As grounds in support of her motion, Ms. Tew states to the Court as follows:

    1.    Kimberley Ann Tew has been released pending the trial of her case.  Ms. Tew appeared for her initial appearance on February 10, 2021.  At that time, she was released on a $10,000 unsecured bond with conditions, including home detention and location monitoring.  (Doc. 99).

2. Currently, one of the conditions of her release is GPS monitoring which includes an ankle-bracelet monitoring system.

3. Ms. Tew is currently allowed to leave on vacation with her twin daughters and her husband pursuant to orders entered by this Court on March 14, 2022. However, Ms. Tew wants to be able to take her daughters swimming while on vacation which is not possible with her ankle monitor, and she wants to be able to go through airport security without explaining to her daughters why she will be detained by TSA Security at the airport.

4. Former counsel for Ms. Tew filed a motion to modify the terms of release accompanied with a memorandum of law. (Doc. 134). That motion led to the hearing held on July 15, 2021 before Magistrate Judge Mix.

5. The Magistrate Judge applied an erroneous statutory authority in entering her orders modifying the conditions of release. The Magistrate Judge applied 18 U.S.C. § 3142(f) whereas the proper statutory provision is U.S.C. § 3142(c)(3). That section states that the judicial officer may at any time amend the order to impose additional or different conditions of release.

6. The Magistrate Judge applied the requirement for reopening the proceeding pursuant to 18 U.S.C. § 3142(f)(2) that the Court may reopen the detention hearing "if information exists that was not known to the movant at the time of the hearing and it has a material bearing on the issue whether there are conditions of

release will reasonably assure the appearance of the person as required and the safety of any other person in the community." The court applied the wrong standard.

6. Attached to this motion is a copy of the transcript from the hearing held on July 15, 2021 and the reference can be found at page 6, lines 1 – 10. (Doc. 144 – copy attached as Exhibit A).

7. Ms. Tew seeks amendment of the conditions of release pursuant to U.S.C. § 3145(c)(3).

8. The attorney for the government opposes this motion and believes that *United States v. Cisneros*, 328 F.3d 610 (10th Cir. 2009) requires the application of § 3142(f). The *Cisneros* case is a case about review and appeal of detention orders. Section 3142(f) applies to detention orders and only to such orders. Non-detention order releases pursuant to Sections 3142(c)(1) can be amended, modified, or changed pursuant to subsection (c)(3).

9. Ms. Tew is not a flight risk. Her husband, Michael Tew, was arrested by federal agents on the current charges on July 8, 2020 and he appeared for his initial appearance before the Magistrate Judge on July 9, 2020.

10. On July 31, 2020, following a search of Ms. Tew's apartment, she was given a target letter from the U.S. Attorney's Office indicating that she was the subject of a criminal investigation.

11. Despite the arrest of her husband and the receipt of a target letter, Ms. Tew did not attempt to flee the jurisdiction. She was indicted on February 3, 2021 and

served with a summons for her initial appearance before the Court on February 10, 2021. At no time prior to her indictment did she attempt to flee.

12. Originally, Pre-Trial Services issued a report submitted at Kimberley Tew's arraignment, stating that she is not a flight risk or a danger to the community. Nevertheless, the Government has sought onerous conditions of release. These conditions of release do not meet the statutory requirement for imposing the least restrictive release conditions that would assure her appearance in court. 18 U.S.C. § 3142(c)(B).

13. Since her arraignment a year ago, she has complied with all the requirement of Pre-trial Services and demonstrated that she is not a flight risk.

14. It is the position of Ms. Tew that she will appear in court based on her unsecured bond without the necessity of ankle monitoring.

15. Ms. Tew has twin daughters, now ages seven, one of whom is in school in Denver while the other is home schooled because of her special needs. Her care and custody of her daughters is another reason why she will not flee the jurisdiction.

16. The attorney for the government has said to counsel, that he thinks this motion is subject to the 14-day objection provision in Rule 59(a) of the Federal Rules of Criminal Procedure and that there has been a waiver. Defendant counters by asserting that the provisions for amendment of conditions of release in the Bail Reform Act override the Rule.

17. For these reasons, Ms. Tew requests that this Court amend the conditions of release imposed on her and modify those conditions by removing the condition of an ankle monitor and GPS.

Respectfully submitted this 22nd day of March, 2022.

                              **THE LAW OFFICES OF PETER R. BORNSTEIN**

                              *s/ Peter R. Bornstein*
                              Peter R. Bornstein
                              6060 Greenwood Plaza Blvd., Suite 500
                              Greenwood Village, CO 80111
                              Telephone: 720-354-4440
                              Facsimile: 720-287-5674
                              E-mail: pbornstein@prblegal.com
                              *Attorney for Defendants Michael Tew and Kimberley Tew*

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of March, 2022, I electronically filed the foregoing **MOTION FOR AMENDMENT OF CONDITIONS OF RELEASE** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

                              *s/ Jeannette Wolf*
                              Jeannette Wolf, Paralegal