

**U.S. DEPARTMENT OF JUSTICE**

**Matthew T. Kirsch**
*Acting United States Attorney*
*District of Colorado*

---

*1801 California Street, Suite 1600   (303) 454-0100*
*Denver, Colorado 80202        FAX (303) 454-0403*

July 29, 2021

*Via electronic mail*

Tor Ekeland, Esq.
Michael Hassard, Esq.
Counsel for Michael Tew and Kimberley Tew
30 Wall Street
8th Floor
New York, New York 10005
tor@torekeland.com
michael@torekeland.com

**Re:   *United States v. Michael Aaron Tew, et al.*, Case No 20cr305-DDD**
**Second Letter Regarding Further Filtering of iCloud Search Warrant Return for**
**kley@me.com**

Dear Mr. Ekeland,

We are responding to your letter dated July 23, 2021 (the "July 23 Letter") which responded to our letter dated July 7, 2021 (the "July 7 Letter"). The July 7 Letter, the July 23 Letter, and this letter all concern the search warrant return for Kimberley Tew's iCloud account associated with kley@me.com.

The July 23 Letter begins with the statement, "As you are aware, the unencrypted iCloud search warrant return for your search warrant dated September 22, 2020 (Bates No. 00000087, the "Search Warrant") in the above referenced matter contains privileged communications." This appears to assume that the filtered, unencrypted[1] return that the prosecution team had access to[2] contains privileged communications.

As we noted both during our March 29, 2021 teleconference (the "March 29 Teleconference") and in our July 7 Letter, when we received the search warrant return in or around late December 2020,

---

[1] As noted during our March 29, 2021 teleconference and in our July 7 Letter, there are two components to the search warrant return at issue here: an encrypted portion and unencrypted portion. Date filtering, as described in the July 7 Letter and in this letter, was applied to both portions, but the prosecution team has not yet accessed the encrypted date-filtered search warrant return.

[2] The prosecution team immediately ceased review of the date-filtered unencrypted search warrant return on July 5, 2021, and has not since accessed those materials. *See* July 7 Letter.

we did not have a basis to believe that there was a reasonable possibility that the materials in the iCloud search warrant return implicated an attorney-client privilege held by Mrs. Tew. We nevertheless asked that the search warrant return – both the encrypted and unencrypted portions – be filtered outside the prosecution team to exclude all materials that either had no date or were dated the date of Mr. Tew's arrest, July 8, 2020, or later. As we also noted during the March 29 Teleconference, we started an initial review of the unencrypted, filtered search warrant return in the few weeks before indictment, and we did not encounter materials that appeared to be attorney-client communications. On that teleconference, we described the date exclusion and specifically asked whether you were aware of any other attorney-client relationships for Mrs. Tew. We noted that we had not resumed review of the filtered search warrant return since the time of indictment and offered to continue to hold off on further review for two weeks to give you an opportunity to raise any privilege issues with us or with the Court. You did not provide any other attorney names on that call, or in the time after that call after your receipt of the unfiltered search warrant returns for both the encrypted and unencrypted portions of the return. More than three months after our March 29 Teleconference, our team resumed review. In that review, when a member of the prosecution team identified communications with persons that either were known to be or could be attorneys, review immediately ceased and we promptly notified you. *See* July 7 Letter.

In our July 7 Letter, we specifically asked you to confirm whether Mrs. Tew had an attorney-client relationship with (1) Eric Creizman; (2) Lauren Tew; and (3) "Lawyer 3." The fact that an individual communicates with a lawyer does not make any and all such communications subject to the attorney-client privilege. Indeed, while we have affirmatively offered to use search terms to exclude the prosecution team from access to communications with Mr. Creizman, Lauren Tew, and Lawyer 3, we are not obligated to categorically exclude all such communications from our review.[3] Instead, the government could opt to have these communications reviewed by a filter team and only exclude those communications that are, in fact, privileged.

Your quotation of the language in our search warrant application, *see* July 23 Letter at 2, in fact, supports the government's approach here. That language states:

> **_If_ the government identifies seized communications to/from an attorney, the investigative team will discontinue review until a filter team of one or more government attorneys and other government personnel, _as needed,_ is established.** The filter team will have no previous or future involvement in the investigation of this matter. The filter team will identify and segregate communications to/from attorneys, which may or may not be subject to attorney-client privilege. At no time will the filter team advise the investigative team of the substance of any of the communications to/from attorneys. The filter team then will provide all communications that do not involve an attorney to the investigative team, and the investigative team may resume its review. If the filter

---

[3] As noted in the July 7 Letter, the government's decision at this time to voluntarily exclude and not review communications between Mrs. Tew and Mr. Creizman, Lauren Tew, and "Lawyer 3" is made without waiver of its ability to argue that these materials are not, in fact, privileged.

> team believes that any of the communications to/from attorneys are not actually privileged (e.g., the communication includes a third party), and if the investigation is not covert, the filter team will first seek to obtain agreement from the appropriate defense counsel before providing these attorney communications to the investigative team.  If consulting with defense counsel is not possible or does not produce an agreement, the filter team will obtain a court order before providing these attorney communications to the investigative team.

(emphasis added).

Prior to July 5, 2021, the government had not identified seized communications to/from an attorney.  Indeed, exactly as this language specifies, once we did identify such seized communications to/from an attorney, we discontinued review and notified you.  *See* July 7 Letter. Because we have decided at this time not to seek to use communications between Mrs. Tew and Mr. Creitzman, Lauren Tew, and Lawyer 3, we opted for what we thought would be a more efficient filter process—to use search terms, created with input from you, to simply exclude those materials from our review—rather than have a separate filter agent and filter Assistant U.S. Attorney review those communications.  In short, the process the government is proposing would likely over-exclude items from the prosecution team's review (at least for now) by excluding *all* communications between Mrs. Tew and Mr. Creizman, Lauren Tew, and "Lawyer 3," whether or not those communications are, in fact, privileged.  The option to use a separate filter AUSA and filter agent remains available if there is any reason to think that the more efficient process of using search terms will not adequately protect any attorney-client privileges.  If you have such a reason, we ask you to share it with us.

We renew our request that you state whether Mrs. Tew had an attorney-client relationship with Mr. Creizman, Ms. Lauren Tew, and/or Lawyer 3.  We also continue to ask for your input on our proposed search terms as outlined in the July 7 Letter.  Similarly, as we asked during our March 29 Teleconference, we continue to ask whether Mrs. Tew has attorney-client relationships with other lawyers so that we may take additional steps, as needed, to filter out privileged communications with those lawyers.

[continued on next page]

We are available for an additional teleconference early next week to discuss this issue.  Should we not be able to reach agreement on a path forward by or before close of business on August 5, 2021, we think that Court intervention may be the next step.

     Thank you.

                    Best Regards,

                    MATTHEW T. KIRSCH
                    Acting United States Attorney
                    District of Colorado

                    *s/ Hetal J. Doshi*
                    Hetal J. Doshi
                    Assistant United States Attorney

                    *s/ Andrea Surratt*
                    Andrea Surratt
                    Assistant United States Attorney