IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No.  20-cr-00305-DDD

**UNITED STATES OF AMERICA,**

Plaintiff,

v.

**2. KIMBERLEY ANN TEW a/k/a**
   **Kimberley Vertanen,**

Defendant.

---

**DEFENDANT KIMBERLEY ANN TEW'S MOTION FOR
THE GOVERNMENT TO FILE A JAMES PROFFER REGARDING
CO-CONSPIRATOR STATEMENTS ADMISSIBILITY PURSUANT
TO EVIDENCE RULE 801(d)(2)(E) AND FOR A *JAMES* HEARING**

---

Defendant, Kimberley Ann Tew, by her counsel of record, Peter R. Bornstein, hereby moves this Court for an order requiring the government to submit a James Proffer containing the hearsay statements the government contends are admissible at trial pursuant to Fed. R. Evid. 801(d)(2)(E); and for a *James* hearing concerning the proffer. As grounds in support of her motion, Ms. Tew states to the Court as follows:

1.      The defense anticipates that the government will seek to admit statements during the trial allegedly made by co-conspirators, Jonathan Yioulos and Michael Tew.

2.      These statements would be inadmissible hearsay but for the application of Fed. R. Evid. 801(d)(2)(E) and *Crawford v. Washington*, 541 U.S. 36, 68-69 (2004) (applying the Sixth Amendment confrontation clause to out-of-court statements).

3.      Before admitting evidence under Rule 801(d)(2)(E), "[t]he court must determine that (1) by a preponderance of the evidence, a conspiracy existed, (2) the declarant and the defendant were both members of the conspiracy, and (3) the statements

were made in the course of and in furtherance of the conspiracy." *United States v. Owens*, 70 F.3d 1118, 1123 (10th Cir. 1995) (quoting *United States v. Urena*, 27 F.3d 1487, 1490 (10th Cir. 1994) (quoting *United States v. Johnson*, 911 F.2d 1394, 1403 (10th Cir.1990)). *See also; United States v. Lopez-Gutierrez*, 83 F.3d 1235, 1242 (10th Cir. 1996) (citing *United States v. James,* 590 F.2d 575 (5th Cir 1979); *United States v. Hall,* 473 F.3d 1295, 1302-03(10th Cir. 2007).

4.      Fed. R. Evid. 104(a) requires the judge alone to make the determination as to the admissibility of hearsay co-conspirator statements.  *United States v. Peterson*, 611 F.2d 1313, 1333 (10th Cir. 1979).

5.      Because of the requirement that the District Court make a threshold determination of admissibility during the presentation of the government's case in chief and before the evidence is heard by the jury, a pretrial determination is warranted.  *James* 590 F.2d at 581. There are two procedures whereby the court may make this factual determination:

> (1) It may hold a "James hearing," outside the presence of the jury to determine whether the predicate conspiracy existed, or (2) it may provisionally admit the evidence with the caveat that the evidence must "connect up" during trial, i.e., that the party offering the evidence must prove the existence of the predicate conspiracy through trial testimony or other evidence. The former procedure is "strongly preferred" in this Circuit.

*Owens*, 70 F.3d at 1123 (internal citations omitted).  *See also United States v. Hernandez*, 829 F.2d 988, 992 (10th Cir. 1987) (the preferred order of proof requires the government to first introduce independent proof of the conspiracy, and then connect the defendant to the conspiracy before admitting the co-conspirator's hearsay declaration). The reason for this preference is that "if the court provisionally admits a statement with the idea that the statement and other evidence will later 'connect up' showing the existence of a predicate conspiracy, there is the risk of undue prejudice if in the end the evidence does not in fact 'connect up.'" *Urena*, 27 F.3d at 1491 (10th Cir. 1994) (internal

citations and quotations omitted). *See also United States v. Brewington*, No. 15-CR-00073-PAB, 2018 WL 1411274, at *1 (D. Colo. Mar. 21, 2018).

6.     Following the government's serving and filing a James Proffer setting forth each and every statement that the government intends to introduce at trial from a co-conspirator, the defense is given an opportunity to challenge the government's determination that statements are either not made during or in furtherance of the conspiracy, or whether or not Ms. Tew was a member of the conspiracy at the time the statement was made.

7.     Defense counsel has conferred with opposing counsel AUSA Fields who states that the government objects to the relief requested in this motion.

WHEREFORE, Defendant Kimberley Ann Tew requests this Court to order the government to file a James Proffer with the Court, and thereafter to hold a James hearing on that proffer.

Respectfully submitted this 13th day of June 2022.

s/ Peter R. Bornstein

Peter R. Bornstein
6060 Greenwood Plaza Blvd., Suite 500
Greenwood Village, CO 80111
Telephone: 720-354-4440
Facsimile: 720-287-5674
E-mail: pbornstein@prblegal.com
*Attorney for Defendant Kimberley Ann Tew*

**Certification of Type-Volume Limitation**

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

s/ Peter R. Bornstein
Peter R. Bornstein

3

## Statement of Speedy Trial Impact

Pursuant to Judge Domenico's Practice Standard III(C), Defendant Kimberley Ann Tew states that this motion will have no effect on the speedy trial clock unless the Court orders a hearing on the matter to take place after the already-existing ends-of- justice continuance expires.

*s/ Peter R. Bornstein*
Peter R. Bornstein

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of June 2022, I electronically filed the foregoing **DEFENDANT KIMBERLEY ANN TEW'S MOTION FOR THE GOVERNMENT TO FILE A JAMES PROFFER REGARDING CO-CONSPIRATOR STATEMENTS ADMISSIBILITY PURSUANT TO EVIDENCE RULE 801(d)(2)(E) AND FOR A JAMES HEARING** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*s/ Jeannette Wolf*
Jeannette Wolf, Paralegal