IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.  20-cr-00305-DDD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. **MICHAEL AARON TEW, and**
2. **KIMBERLEY ANN TEW,** a/k/a Kimberley Vertanen,

    Defendants.

## GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR A *FRANKS v. DELAWARE* HEARING [ECF NO. 215]

The defendants' Motion for a *Franks v. Delaware* Hearing ("Def's *Franks* Mot."), ECF No. 215, motion levels a serious accusation of misconduct with absolutely no basis, substantiation, or explanation.  The defendants' request to use the Court's time to "develop" accusations that they cannot articulate in the first instance should be denied, as required by *Franks v. Delaware*, 438 U.S. 154, 171 (1978).

### I.    Background:  *Franks v. Delaware*

Search warrants are presumed to be valid.  *Franks* 438 U.S. at 171.  Indeed, the presumption is so strong that defendants attacking the facial validity of a warrant must first make a "substantial preliminary showing that a false statement

1

knowingly or intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit." *Id.* at 155-56. Even then, the allegedly false statement must be essential to the probable cause determination: "if, when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, *no hearing is required.*" *Id.* at 171-72 (emphasis added).

"*Franks* protects against omissions that are *designed to mislead*, or that are made in *reckless disregard of whether they would mislead*, the magistrate." *United States v. Colkley*, 899 F.2d 297, 301 (4th Cir. 1990) (emphasis in original). Accordingly, while the general principles behind *Franks* apply to acts of both omission and commission, Courts have recognized that issues related to the former create knotty issues of infinite regression:

> While omissions may not be *per se* immune from inquiry, the affirmative inclusion of false information in an affidavit is more likely to present a question of impermissible official conduct than a failure to include a matter that might be construed as exculpatory. This latter situation potentially opens officers to endless conjecture about investigative leads, fragments of information, or other matter that might, if included, have redounded to defendant's benefit. The potential for endless rounds of *Franks* hearings to contest facially sufficient warrants is readily apparent.

*Colkley*, 899 F.2d at 301 (internal citations omitted); *see also Beard v. City of Northglenn, Colo.*, 24 F.3d 110, 116 (10th Cir. 1994) (noting, for example, that a "failure to exhaust every possible lead, interview all potential witnesses, and

2

accumulate overwhelming corroborative evidence rarely suggests a knowing or reckless disregard for the truth. To the contrary, it is generally considered to betoken negligence, *at most*.") (internal quotations and citations omitted) (emphasis in original).

## II. The Defendant Has not Made a Substantial Preliminary Showing of any intentionally false statements

Paragraph 4 of the Defendants' *Franks* Motions sets forth 15 statements that are allegedly false, without anything that might be considered "substantial." Indeed, the defendant's motion has nothing of substance at all: no explanation or description of how or why the statements are false and without any evidence showing that they are false. "To mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof." *United states v. Williams*, 669 F.3d 903, 905 (8th Cir. 2012); *United States v. Arbolaez*, 669 F.3d 1283, 1295 (11th Cir. 2006) (noting that the substantial preliminary showing requirement is "not lightly met" and find that defendant's challenge was insufficient where it was not supported by an affidavit or otherwise sworn statement).

The conclusory nature of the defendants' accusations of falsity, by itself, is a sufficient reason to deny their motion under *Franks*, which puts the burden on the defendant to make a substantial preliminary showing. *United States v.* 774 F.3d 653,

3

663 (10th Cir. 2014) )(rejecting *Franks* challenge where defendant failed to offer any *evidence* of falsity); *United States v. Cooper*, 1104, 1128 (10th Cir. 2011) (noting that *Franks* challenges should be "accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained.")[1]

The defendants also base their *Franks* challenge on alleged omissions, but their motion does not identify any omissions. This, too, is reason to reject the motion. The defendants cannot obtain a *Franks* hearing by making unsupported and articulated allegations of unspecified misconduct.

III. **Conclusion**

The defendants' filing is a motion to develop the evidence they would need to file a motion and obtain a hearing. *Franks* specifically rejected such an approach to

---

[1] The government has provided the defendants with full discovery supporting each of the allegations in the search warrants. If necessary, the government will submit each statement or item of evidence relied upon in the warrants to show their veracity. However, neither the Supreme Court nor the Tenth Circuit have explained whether such a procedure — where the government sets forth the evidence supporting the affidavit — is proper. *See United States v. Graf*, 784 F.3d 1, 7 (1st Cir. 2015) (describing as open the question whether a trial court can consider government evidence before deciding whether a *Franks* hearing is appropriate); *United States v. McMurtrey*, 704 F.3d 502, 509-510 (7th Cir. 2013) (concluding it was improper for trial court to consider such evidence). The government does not include any evidence in this response to avoid creating an issue on appeal. For present purposes, the law presumes that the court does not need to know whether and what evidence supports the affidavit. Rather, the court must accept the affidavit as facially valid. It is enough to conclude that the defendants have failed to meet their heavy burden of establishing falsity by not providing any evidence for such a serious accusation.

warrants that are "presumed valid." *Franks*, 438 U.S. at 171. The defendants need more than mere accusations, conclusions without articulation, and promises to develop a proper motion at the hearing itself. Their motion should be denied.

Respectfully submitted this 9th day of August, 2022.

                              COLE FINEGAN
                              United States Attorney

| By: */s/ Bryan Fields* | By: */s/ Al Buchman* |
|---|---|
| Bryan Fields | Albert Buchman |
| Assistant United States Attorney | Assistant United States Attorney |
| U.S. Attorney's Office | U.S. Attorney's Office |
| 1801 California St. Suite 1600 | 1801 California St. Suite 1600 |
| Denver, CO 80202 | Denver, CO 80202 |
| (303) 454-0100 | (303) 454-0100 |
| Bryan.Fields3@usdoj.gov | Al.Buchman@usdoj.gov |
| Attorney for the Government | Attorney for the Government |

**Certification of Type-Volume Limitation**

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

                              */s/ Albert Buchman*
                              Albert Buchman

**Statement of Speedy Trial Impact**

Pursuant to Judge Domenico's Practice Standard III(C), the government notes that this motion will not affect the speedy trial clock in this case because any resolution of it will be within the already-granted ends-of-justice continuance granted on May 12, 2022, ECF No. 198.

                              */s/ Albert Buchman*
                              Albert Buchman

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 9, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which system automatically provides a copy to defense counsel of record.

*/s/ Albert Buchman*
Albert Buchman
Assistant United States Attorney
1801 California Street, Suite 1600
Denver, Colorado 80202
Phone: (303) 454-0100
Fax: (303) 454-0403
E-mail: Al.Buchman@usdoj.gov
Attorney for the United States