IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 20-cr-0305-DDD

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

1. **MICHAEL AARON TEW**,

2. **KIMBERLEY ANN TEW**.

    Defendants.

---

## REPLY RE: MOTION FOR A FRANKS v. DELAWARE HEARING

Defendants, Michael A. Tew and Kimberley A. Tew, by their counsel of record, Peter R. Bornstein, hereby submit their reply in support of their Motion for a *Franks v. Delaware* Hearing. (Doc. 215). In their motion, Defendants set forth material misstatements and omissions from the affidavits that the government used to obtain search warrants in this case. (Motion ¶4).

In its response to this motion (Doc. 233), the government has stated that the Defendants have not made a substantial preliminary showing of any intentionally false statements. Citing *United States v. Williams*, 669 F.3d 903, 905 (8th Cir. 2012), the Government posits that the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross examine. The Government goes on to state that the Defendant has a heavy burden to establish falsity and that it is the burden of the Defendant to make a substantial preliminary showing. *United States v. Arbolaez*, 450 F.3d 1283, 1294 (11th Cir. 2006) and *United States v. Long*, 774 F.3d 653, 662 (10th Cir. 2014).

The Tenth Circuit Court of Appeals, and other Appellate Courts have been less than clear on what the defense needs to do to meet this preliminary showing and burden. It is suggested that the allegations must be accompanied by an offer of proof. *Williams*, *id*. at 905 (quoting *Franks v. Delaware*, 438 U.S. 154 (1978). *United States v. Cooper,* 654 F.3d 1104, 1128 (10th Cir. 2011) suggests that "affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained."

Given the ambiguity of what is required by the defense to meet the Government's challenge that it has not made a substantial preliminary showing, the Defendants tender to the Court their affidavits. In tendering these affidavits to the Court, the Defendants invoke the Simmons doctrine wherein the Supreme Court held that a defendant's testimony at a suppression hearing to establish standing to object to a search cannot be used against him at trial to establish guilt because, otherwise, the defendant would be required to choose between the Fourth Amendment right to be free from unreasonable searches and the Fifth Amendment right against self-incrimination. *United States v. Hardwell*, 80 F.3d 1471, 1483 (10th Cir. 1996). These affidavits establish that the government agents' affidavits for the search warrants intentionally or recklessly contained the following material misstatements or omissions.

- A. Kimberley Tew did not send on July 1, 2020 a text message to Jonathan Yioulos from a Google voice number 469-319-0152. (Motion ¶4A).
- B. Jonathan Yioulos embezzled funds from National Air Cargo ("NAC") using phony invoices well before the first transaction involving either Defendant. (Motion ¶4B).
- C. It was Jonathan Yioulos who suggested using companies for invoices to NAC and not Michael Tew. (Motion ¶4D).
- D. Jonathan Yioulos participated in the fraud alleged against him in order to help Mr. and Mrs. Tew and not because he was threatened with a loss of employment if he refused to pay fraudulent invoices.

E. Kimberley Tew did not share bank accounts with Michael Tew as they had only one common checking account with Navy Federal Credit Union. (Motion ¶4I).

F. Michael Tew had bank deposits from other sources of income than from the alleged fraud against NAC. (Motion ¶4J).

G. Jonathan Yioulos willingly participated in the fraud and was never threatened that Michael and/or Kimberley Tew would get him fired unless he kept processing fraudulent invoices. (Motion ¶4C and K)

H. Kimberley Tew never accessed fraudulent payments from NAC in a variety of bank accounts. (Motion ¶4L).

I. NAC payments via ACH did not need approval and could be submitted and paid by Jonathan Yioulos. (Motion ¶4O).

J. NAC had no system to identify whether invoices were from approved or unapproved vendors as it had no system to approve vendors. (Motion ¶4N).

K. Kimberley Tew did not have accounts or business transactions on the "dark net." (Motion ¶4H).

L. At the meeting held on July 28, 2020 at Yeti, Kimberley Tew did not mention the NAC fraud when she said she wanted to take responsibility. (Motion ¶4E).

M. Jonathan Yioulos received more than "a few" bitcoin.

Defendants are making a serious attack on the veracity of the search warrant affidavits. They are not making conclusory allegations with a mere desire to cross examine agents.

Based on the affidavits of Kimberley A. Tew and Michael A. Tew, the Defendants have now made a substantial preliminary showing that false statements were knowingly and intentionally, or with reckless disregard for the truth, were included by the affiants in the warrants' affidavits submitted to the Court. These false statements were necessary to

3

the finding of probable cause. Consequently, the Fourth Amendment requires that a hearing be held pursuant to the request by these two Defendants. *United States v. Long*, 774 F.3d 653, 661 (10th Cir. 2014).

For these reasons, the Defendants' Motion for a *Franks v. Delaware* hearing should be granted.

Respectfully submitted this 23rd day of August, 2022.

/s/ Peter R. Bornstein
Peter R. Bornstein
The Law Offices of Peter R. Bornstein
Greenwood Village, CO 80111
(720) 354-4440 phone
(720) 287-5674 fax
pbornstein@prblegal.com
*Attorney for* Defendants Michael Aaron Tew *and Kimberley Ann Tew*

**Certification of Type-Volume Limitation**

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

/s/ Peter R. Bornstein
Peter R. Bornstein

**CERTIFICATE OF SERVICE**

I hereby certify that on August 23rd 2022, I electronically filed the foregoing *Reply Re: Motion for a Franks v. Delaware Hearing* with the Clerk of Court using the CM/ECF system which will send notification of such filing to counsel of record.

/s/ Jeannette Wolf
Jeannette Wolf