IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 20-cr-00305-DDD

**UNITED STATES OF AMERICA,**

Plaintiff,

v.

**1. MICHAEL A. TEW**
**2. KIMBERLEY ANN TEW a/k/a**
   **Kimberley Vertanen,**

Defendants.

---

**MOTION FOR APPOINTMENT OF SEPARATE COUNSEL**

---

Peter R. Bornstein, court-appointed counsel for Defendants, Michael A. Tew and Kimberley A. Tew, moves this Court for an order appointing separate counsel for one of the two defendants. As grounds in support of this motion, Mr. Bornstein states as follows:

1.      Mr. Bornstein was hired as private counsel for Mr. and Mrs. Tew and he continued in this capacity until he filed a Motion to Withdraw on December 1, 2022. (Doc. #273).  The Motion to Withdraw stated that the clients had failed to live up to their contractual and financial obligations pursuant to their fee agreement.

2.      The Motion to Withdraw was referred to Magistrate Judge Mix who granted the motion on December 2, 2022. (Doc. #275).  Thereafter, the prosecution filed a Motion for Reconsideration which requested, in pertinent part, that Mr. Bornstein be appointed to continue representation of the Tews pursuant to the Criminal Justice Act.

3.      A hearing was held before Magistrate Judge Mix on Friday, December 9, 2022.  At that hearing, the Magistrate Judge asked Mr. Bornstein whether he would continue as counsel under this Criminal Justice Act.  Mr. Bornstein did not volunteer to be appointed but informed the Court that as an officer of the court he would accept such

an appointment.  See Colorado Rules of Professional Conduct 6.2 (a lawyer shall not seek to avoid appointment by a tribunal to represent a person except for good cause).

4.      The Magistrate Judge ordered Mr. and Mrs. Tew to file financial affidavits for a determination as to whether they were eligible under the Criminal Justice Act for court-appointed counsel, which they did.  On December 27, 2022, the Magistrate Judge issued an Order appointing Peter Bornstein as CJA counsel for both Kimberley A. Tew and Michael A. Tew.  (Doc. #286).

5.      Joint representation of two criminal defendants raises an inherent conflict of interest.  Colorado Rules of Professional Conduct 1.7(a) and Comments 6 and 8. Criminal defendants are entitled to conflict-free representation.  *Holloway v. Arkansas*, 435 U.S. 475 (1978); *United States v. Gallegos*, 108 F.3d 1272 (10th Cir. 1997).

6.      Previously, Kimberley Tew filed a Motion for Severance which was argued before this Court and denied.  However, during the argument, the Court raised serious concerns about joint representation and conflicts of interest.

7.      The prosecution has also raised objections to joint representation in this case at least twice.  Early in the case when prior counsel represented the Tews, the prosecution raised concerns over joint representation.  The prosecution raised the issue again in opposing the Motion for Severance, and a third time in its Motion for Reconsideration of the order allowing Mr. Bornstein to withdraw.

8.      The previous waiver by the clients of a potential conflict of interest when Mr. Bornstein was retained privately is no longer operative.  The previous waiver was based, in part, on a lack of financial resources to hire separate counsel for Kimberley Tew. The Criminal Justice Act policies severely discourage courts from appointment of one counsel for two or more defendants, and the CJA administrator for this District will not generally make such an appointment.

2

9.      The Defendants, moreover, are considering and will continue to consider that one or both of them may elect to testify on their behalf during the trial of this case. Counsel would be ethically prohibited from cross examining one of his clients, even if such examination would assist his other client.  Such an election to testify brings into sharp resolution the significant proffers made by each Defendant to the Government during the preliminary events in this case.  These proffers contain statements that incriminate both defendants.

10.      In order to provide each Defendant with conflict-free representation, the appointment of a separate counsel for one of them is necessary.

WHEREFORE, counsel for the Defendants request this Court enter an order appointing separate CJA counsel for one of the Defendants in this case.

Respectfully submitted this 28th day of December, 2022.

THE LAW OFFICES OF PETER R. BORNSTEIN

s/ Peter R. Bornstein
Peter R. Bornstein
6060 Greenwood Plaza Blvd., Suite 500
Greenwood Village, CO 80111
Telephone: 720-354-4440
Facsimile: 720-287-5674
E-mail: pbornstein@prblegal.com
Attorney for Defendants Tews


I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

s/ Peter R. Bornstein
Peter R. Bornstein

3

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 28th day of December, 2022, I electronically filed the foregoing **MOTION FOR APPOINTMENT OF SEPARATE COUNSEL** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record

*s/ Jeannette Wolf*
Jeannette Wolf, Paralegal

4