**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Case No. 1:20-cr-00305-DDD-2

UNITED STATES OF AMERICA,

     Plaintiff,

v.

**2. KIMBERLEY ANN TEW**

     Defendant.

---

**Kimberley Tew's Motion in Limine re Admissibility of Proffer Statements**

---

Kimberley Tew, through attorneys David S. Kaplan and Jamie Hubbard of the law firm Stimson LaBranche Hubbard, LLC, move in limine for a pretrial ruling on the Government's ability to substantively admit as evidence at trial the recording of her proffer session with the Government. The Government opposes the relief sought herein.

**Factual Background**

On July 9, 2020, Defendant Michael Tew was arrested at the apartment he shared with his wife Kimberley Tew. Kimberley Tew was home at the time of the arrest, as were the couple's two young children. Mrs. Tew had contact with case agents during their arrest of her husband and thereafter. Mrs. Tew was encouraged to retain a lawyer to engage with the prosecutors and agents on her behalf.

Mrs. Tew retained Jamie Hubbard to represent her. Ms. Hubbard began discussions with the prosecution team about the case and the evidence the Government

believed showed Mrs. Tew was involved in criminal activity with her husband. These discussions ultimately led to an agreement whereby Mrs. Tew would meet with the government for a proffer session.

On October 20, 2020, Mrs. Tew signed a proffer letter. (Ex. A.) The proffer letter is addressed to Ms. Hubbard as counsel for Mrs. Tew, and was also signed by Ms. Hubbard in her capacity as Mrs. Tew's counsel. Paragraph 4 of the proffer letter states:

> The government may also use any statements made by your client during the proffer, either as evidence or for cross-examination, at trial or any other stage of the criminal prosecution, if your client later testifies, offers other evidence or presents a position (including through affidavit or in argument) that contradicts statements made by your client during the proffer. By signing this letter, you and your client specifically agree that the government may use your client's statements or information in the circumstances described above. *See United States v. Mezzanatto*, 513 U.S. 196 (1995).

(*Id*. at 2.)

On October 23, 2020, Mrs. Tew participated in a proffer session with federal agents and the then-prosecutors Hetal Doshi and Matthew Kirsch. Ms. Hubbard served as Mrs. Tew's counsel during this proffer session. The proffer session was audio recorded by the Government.

The Government has marked the audio recording of Mrs. Tew's proffer session as a trial exhibit. Mr. Tew similarly proffered and audio recordings of his meeting were also marked as trial exhibits. When defense counsel inquired as to how the recordings of Mr. and Mrs. Tew's proffer sessions would be used at trial, the Government

expressed its view that the Government can introduce these recordings in its case-in-chief if the defendants take "any position contrary to what was stated in the proffers at any point during the trial – including argument in opening or using cross to draw inferences."

Given the potential significance of the Government's position on this issue, counsel felt it necessary to address the issue in a motion in limine, despite the deadline for such motions having passed.

### The Government's Interpretation of the Proffer Letters Leads to Absurd Results

Mrs. Tew hereby adopts by reference the arguments made in Defendant Michael Tew's *Motion in Limine to Prohibit the Impermissible and Unconstitutional Use of Proffer Agreements* (ECF No. 370). Mrs. Tew agrees that the Government's position on what constitutes a breach of her proffer agreement interferes with important constitutional rights, including but not limited to her right to confront and cross-examine the witnesses testifying against her, her right to effective assistance of counsel, and her right to present a defense.[1]

### A Pretrial Hearing is Required to Address Waiver

As explained in the Motion in Limine filed by Mr. Tew, the position advocated by the Government regarding the proffer letters essentially means that Mrs. Tew

---

[1] Admission of Mr. Tew's unredacted proffer statements in a joint trial with Mrs. Tew—or vice versa—implicates *Bruton v. United States*, 391 U.S. 123 (1968). This issue is not ripe unless and until the Court rules the proffer agreements have been breached but is referenced here to avoid any possibility of waiver.

waived her right to confront witnesses, right to effective assistance of counsel, and her right to present a defense when she signed a proffer letter in October 2020.

The right to confront and cross-examine witnesses, to effective counsel, and to present a defense are fundamental to ensuring a fair trial. Thus, any waiver of these rights must be knowing and intelligent. In *Schneckloth v. Bustamonte*, 412 U.S. 218 (1973), the Supreme Court held: "Almost without exception, the requirement of a knowing and voluntary waiver has been applied only to those rights which the Constitution guarantees to a criminal defendant in order to preserve a fair trial." *Id*. at 238. The *Schneckloth* court listed many of the rights considered "fundamental" to ensuring a fair trial, including, the right to counsel, to jury trial, and to confrontation. *Id*.

Courts indulge every reasonable presumption against waiver of important constitutional rights that are fundamental to ensuring a fair trial. *Von Moltke v. Gillies*, 332 U.S. 708, 723–24 (1948) ("To discharge this duty [of inquiry] properly in light of the strong presumption against waiver of the constitutional right to counsel, a judge must investigate as long and as thoroughly as the circumstances of the case before him demand."); *United States v. Simpson*, 845 F.3d 1039, 1046 (10th Cir. 1977); *United States v. Padilla*, 819 F.2d 952, 956 (10th Cir. 1987) ("The task of ensuring that defendant possesses the requisite understanding initially falls on the trial judge, who must bear in mind the strong presumption against waiver.").

Whether Mrs. Tew waived her constitutional rights in this case must be determined based on the particular facts and circumstances applicable to her. *See, e.g.,*

*Harvey v. Shillinger*, 893 F. Supp. 1021, 1028 (D. Wyo. 1995), aff'd, 76 F.3d 1528 (10th Cir. 1996) (a determination of whether rights were waived "depends in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused.") For a waiver to be knowing and intelligent, it "must have been made with a full awareness both of the nature of the right being abandoned and the consequences of the decision to abandon it." *United States v. Morris*, 287 F.3d 985, 989 (10th Cir. 2002) (quoting *Colorado v. Spring*, 479 U.S. 564, 573 (1987)).

Given the important constitutional rights at issue and the need for an individualized determination, Mrs. Tew requests a hearing on whether her proffer agreement contemplates use of the statements in the manner suggested by the Government and, if so, whether she knowingly and intelligently waived her rights by signing the proffer agreement. *See, e.g., United States v. Hansen*, 929 F.3d 1238, 1251 (10th Cir. 2019) (a hearing is the best way to determine whether defendant's waiver of important trial rights is knowing and intelligent).

## Conclusion

For the reasons set forth above, Kimberley Tew joins in the Motion in Limine filed on behalf of Defendant Michael Tew. Mrs. Tew further asks the Court to set a hearing at which the parties could address and the Court could consider: (1) the circumstances under which the Government may be permitted to use the recorded proffer statements at trial; and (2) whether any waiver of her rights necessary to ensure a fair trial was knowing and intelligent.

Dated:  January 24, 2024.

Respectfully submitted,

s/ David S. Kaplan
David S. Kaplan
Jamie Hubbard
STIMSON LABRANCHE HUBBARD, LLC
1652 Downing Street
Denver, CO 80218
Phone:  720.689.8909
Email:   kaplan@slhlegal.com
hubbard@slhlegal.com

Attorney for Kimberley Ann Tew

### Certification of Type-Volume Limitation

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

### Statement of Speedy Trial Impact

Pursuant to Judge Domenico's Practice Standard III(C), defense counsel believes the time between filing this motion and the resolution thereof is excludable from the speedy trial period. *See* 18 USC § 3161(h)(1)(D).

s/ David S. Kaplan
David S. Kaplan

**Certificate of Service**

I certify that on January 24, 2024, I electronically filed the foregoing *Kimberley Tew's Motion in Limine re Admissibility of Proffer Statements* with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail address and all parties of record:

Bryan Fields
Sarah Weiss
U.S. Attorney's Office-Denver
1801 California Street
Suite 1600
Denver, CO 80202
bryan.fields3@usdoj.gov
sarah.weiss@usdoj.gov


Jason D. Schall
7350 E. Progress Place, Suite 100
Greenwood Village, CO 80111
jason@bowsch.com

Kristen M. Frost
Ridley McGreevy & Winocur, P.C.
303 16th Street, Suite 200
Denver, CO 80202
frost@ridleylaw.com

*Counsel for Michael Tew*

*s/ Brenda Rodriguez*
Brenda Rodriguez