IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 1:20-cr-00305-DDD-2

UNITED STATES OF AMERICA,

    Plaintiff,

v.

**2. KIMBERLEY ANN TEW**

    Defendant.

## Motion to Continue Trial and Motion for Ends of Justice Continuance of 90 Days

Defendant Kimberley Tew, through undersigned counsel, moves to continue the current trial setting and to exclude 90 days from the Speedy Trial Clock under 18 U.S.C. § 3161. The ends of justice served by this requested continuance outweigh the best interests of the public and the defendant in a speedy trial. This motion is unopposed by co-defendant Michael Tew. The government opposes it being granted.

### Procedural Background

1. This case involves a 60-count indictment charging wire fraud, money laundering, and tax fraud. Three defendants were initially charged. One has pled and the remaining two defendants are set to begin trial on February 5, 2024.

2. Discovery in this case is voluminous. Third-party subpoenas were served on multiple banks, which returned hundreds of thousands of pages of records. Multiple

electronic devices were imaged and downloaded. A warrant was obtained for the Tews' cloud-based storage account, which alone produced nearly 1TB of electronic data.

3. On December 5, 2023, the Government filed its *James* Log outlining the statements on which it sought a pretrial ruling as to the applicability of FRE 801(d)(2)(E). This log showed that a significant part of the Government's proof – particularly as to Mrs. Tew—would involve communications recovered from the Tews' iCloud account. A *James Hearing* was conducted on December 18, 2023.

4. In preparing for the *James* hearing, defense counsel first recognized there are significant authentication and foundation issues related to the iCloud account. For example, the *James* log demonstrates that the Government intends to allege that certain messages obtained from an account titled "Kley" are attributable to Michael Tew while other messages from the same account are being attributed to Kimberley Tew. *Compare* James Entry 56 with Entry 204. The source materials—Cellebrite reports—show that in the same string of correspondence, the speaker attributed the "kley" moniker appears to switch between Mr. Tew and Mrs. Tew. Additionally, notice of the conversations sought to be introduced gave rise to an inquiry regarding other conversations, not included in the Jame Log, which may exist providing context to the government's submissions.

5. Defense counsel is working diligently to untangle the electronic data in order to prepare to confront the evidence offered against Mrs. Tew at trial. It entails an examination of the iCloud account not previously anticipated to both understand the

2

source of communications and uncover impeachment evidence of the government's witnesses. However, these efforts have been slower than anticipated.

6. Given the apparent importance of this evidence in the Government's case against Mrs. Tew, defense counsel has sought expert assistance to efficiently and competently evaluate the amount of date to be reviewed. If testimony from an expert is ultimately deemed necessary in the defense of Mrs. Tew, defense counsel understands that reports will need to be provided and that the Government will need adequate time to prepare for cross-examination of any defense expert.

7. The current deadlines and trial setting do not afford adequate time for defense counsel to now be prepared for trial.

## Law and Argument

8. The Speedy Trial Act is "designed to protect a defendant's constitutional right to a speedy indictment and trial, and to serve the public interest in ensuring prompt criminal proceedings." *United States v. Hill*, 197 F.3d 436, 440 (10th Cir. 1999). It requires that a criminal defendant's trial commence within 70 days after his indictment or initial appearance, whichever is later. *See* 18 U.S.C. § 3161(c)(1); *United States v. Lugo*, 170 F.3d 996, 1001 (10th Cir. 1999). Certain periods of delay are excluded and do not count toward the 70–day limit. *See* 18 U.S.C. § 3161(h)(1)-(9). Specifically, "the Act excludes any period of delay resulting from a continuance granted by any judge . . . on the basis of its findings that the ends of justice served by taking such action outweigh

the best interest of the public and the defendant in a speedy trial." *Hill*, 197 F.3d at 440-41 (quoting 18 U.S.C. § 3161(h)(7)(A)).

9. A continuance under the Speedy Trial Act is appropriate where failure to grant a continuance would deny the defendant the ability to fully prepare for trial. 18 U.S.C. § 3161(h)(7)(B)(ii), (iv). One factor for the Court to consider in granting this delay is "[w]hether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible or result in a miscarriage of justice." 18 U.S.C. § 3161(h)(7)(B)(i). An additional factor, set forth in 18 U.S.C. § 3161(h)(7)(B)(iv), is whether failure to grant such a continuance "would deny counsel for the defendant…the reasonable time necessary for effective preparation, taking into account the exercise of due diligence."

10. In evaluating a request for an ends of justice continuance, "the record must clearly establish the district court considered the proper factors at the time such a continuance was granted." *United States v. Toombs*, 574 F.3d 1262, 1269 (10th Cir. 2009) (quoting *United States v. Gonzales*, 137 F.3d 1431, 1433 (10th Cir. 1998)). The record must contain an explanation for why the occurrence of the event identified by the moving party as necessitating the continuance results in the need for additional time. *See id*. At 1271-72.

11. In *United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987), the Tenth Circuit set forth four factors a court should consider when evaluating if a continuance should be granted: (1) the diligence of the party requesting the continuance, (2) the

4

likelihood that the continuance, if granted, would accomplish the purpose underlying the request for continuance, (3) the inconvenience to the opposing party, its witnesses and the court resulting from the continuance, and (4) the need asserted for the continuance and the harm that could be suffered as a result of the court's denial of the continuance.

12. Here, an additional 90-day continuance, if granted, would accomplish the purpose underlying the request for a continuance as it would allow undersigned counsel the time to complete their analysis of the electronic data, consult with their expert, and—if expert testimony is necessary, make the appropriate disclosures.

13. Without the exclusion of time from the speedy trial calculations, defense counsel will be unable to provide effective assistance of counsel and the defendant's right to be effectively represented in these proceedings will be seriously damaged.

14. Undersigned counsel has informed Mrs. Tew of the present motion. She understands the impact of this request on the currently scheduled trial setting and related deadlines. Mrs. Tew has no objection to the requested exclusion.

## Conclusion

WHEREFORE, Defendant Kimberley Tew respectfully requests that the Court enter an order excluding 90 days from the speedy trial calculation pursuant to 18 U.S.C. § 3161(h)(7) and resetting the trial and related deadlines.

Dated: January 24, 2024.

Respectfully submitted,

*s/ David S. Kaplan*
David S. Kaplan
Jamie Hubbard
STIMSON LABRANCHE HUBBARD, LLC
1652 Downing Street
Denver, CO 80218
Phone: 720.689.8909
Email: kaplan@slhlegal.com
hubbard@slhlegal.com

*Attorneys for Kimberley Ann Tew*

**Certification of Type-Volume Limitation**

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

**Statement of Speedy Trial Impact**

Pursuant to Judge Domenico's Practice Standard III(C), defense counsel notes this motion will impact the speedy trial calculation as it seeks an exclusion. Also, the filing of this motion creates an excludable period under 18 USC 3161(h)(1)(D).

*s/ David S. Kaplan*
David S. Kaplan

**Certificate of Service**

       I certify that on January 24, 2024, I electronically filed the foregoing *Motion to Continue Trial and Motion for Ends of Justice Continuance of 90 Days* with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail address and all parties of record:

Bryan Fields
Sarah Weiss
U.S. Attorney's Office-Denver
1801 California Street
Suite 1600
Denver, CO 80202
bryan.fields3@usdoj.gov
sarah.weiss@usdoj.gov


Jason D. Schall
7350 E. Progress Place, Suite 100
Greenwood Village, CO 80111
jason@bowsch.com

Kristen M. Frost
Ridley McGreevy & Winocur, P.C.
303 16th Street, Suite 200
Denver, CO 80202
frost@ridleylaw.com

*Counsel for Michael Tew*

                                               *s/ Brenda Rodriguez*
                                               Brenda Rodriguez