IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 1:20-cr-00305-DDD-2

UNITED STATES OF AMERICA,

    Plaintiff,

v.

**2. KIMBERLEY ANN TEW**

    Defendant.

## Defendant Kimberley Tew's Trial Brief

Kimberley Tew, through attorneys David S. Kaplan and Jamie Hubbard of the law firm Stimson LaBranche Hubbard, LLC submit the following trial brief:

**A.    Government's Proposed Rule 1006 Exhibits**

The Government has provided the defense with 57 pages of exhibits that it seeks to admit pursuant to Federal Rule of Evidence 1006. The bulk of the information contained in these 57 pages is not true "summary" materials; it is the Government's theory of the case prepared in closing argument-style graphics. The Court should exclude these exhibits from trial.

Federal Rule of Evidence 1006 permits the use of summary exhibits "to prove the content of voluminous writings . . . that cannot be conveniently examined in court." Fed. R. Evid. 1006. Evidence is "voluminous" under Rule 1006 when comprehension would be "difficult" and "inconvenient" absent summarization. *United States v.*

*Hemphill*, 514 F.3d 1350, 1358 (D.C. Cir. 2008); *see Daniel v. Ben E. Keith Co.*, 97 F.3d 1329, 1335 (10th Cir. 1996) ("eighteen one-page" documents not voluminous); *Griddine v. GP1 KS-SB, Inc.*, 2019 WL 1002049, at *8 (D. Kan. Feb. 28, 2019) (223 pages not necessarily "so voluminous as to require a summary").

Summary exhibits are meant only to reflect the contents of the documents they summarize, not add inferences, interpretations, or argument. *State Office Sys., Inc. v. Olivetti Corp. of Am.*, 762 F.2d 843, 845-46 (10th Cir. 1985) (summaries that go beyond "simple compilation" of records impermissible). Accordingly, summary exhibits must be "accurate and non-prejudicial"; nothing should be "lost in the translation" and information should not be "embellished" or "annotated" with the proponent's inferences, "whether in the form of labels, captions, highlighting techniques, or otherwise." *United States v. Bray*, 139 F.3d 1104, 1110-11 (6th Cir. 1998).

The government's proposed "summary" exhibits are not proper Rule 1006 exhibits. While there are many documents in the case, most of the proposed "summary" exhibits do not purport to summarize voluminous information. Many simply characterize a small set of materials plucked from a non-voluminous handful of documents, edited and arranged to advance the government's narrative, and overlaid with misleading titles and headings.

In *United States v. Penn*, 20-cr-152-PAB, the Government sought to admit similar "summary" charts that overlaid parts of records with other graphics and explanations as to how the Government believed those documents were relevant to a particular

charge. In rejecting these exhibits, Chief Judge Brimmer held: "The exhibit does not summarize voluminous material, but rather consists of a small number of text messages. The text messages are superimposed inside of a graphic depiction of a cellular telephone. The photographs of these defendants are placed to the side of their text messages. The Court finds the exhibit, which is in the nature of a closing argument graphic, to be argumentative and will grant defendants' motion [to exclude]." (*Penn*, ECF No. 741 at 6.) Chief Judge Brimmer excluded other "summaries" because they contained "impermissible editorializing by emphasizing certain portions of exhibits in large letters and overlaying exhibits on top of each other" in a manner that "goes beyond summarizing the underlying information to include opinion." *Id.* (citing *United States v. Miller*, 2010 WL 235034, at *3 (D. Kan. Jan. 15, 2010) ("[S]ummaries shall not include any testimonial, interpretative, or inferential statements drawn from the content of the underlying documents.")

Similarly, in *Penn*, the Government sought to admit summary charts through testimony from case agents. Chief Judge Brimmer instructed the Government that the agent's "knowledge of the documents" would "probably not [] be a permitted category of testimony because that's what lawyers do in their closings. . . . That doesn't give him the foundation to offer testimony or form opinions." (*Penn*, ECF No. 1041, p. 170.) The fact that the agent had prepared the summary charts was irrelevant "because even if an agent put it together, once again, the agent doesn't have any personal knowledge of it." (Ex. A, *Penn* Transcript Day 8, p. 1626.)

When the Government sought to have a paralegal testify about summary charts she had prepared, Chief Judge Brimmer strictly limited her testimony. The paralegal was not permitted to read any portion of the supporting document to the jury:

> There is no reason that [the paralegal] needs to read things. She simply is vouching for the accuracy of the entirety of it, so by bringing out particular portions of it and in particular hav[ing] her read it goes beyond really what her purpose of being called is, beyond what her duties were. She is not necessarily—it's just inappropriate for this particular witness with no knowledge other than having confirmed things.

(Ex. B, *Penn Transcript Day 20*, p. 4053.)

It is unclear how the Government intends to introduce the proposed summary exhibits. The defense includes the above law and analysis to benefit the Court when these issues arise at trial.

## B.   The Court Should Not Allow Overview or Summary Testimony by Government Agents

The Government's witness list includes multiple federal agents that were involved with the investigation of this matter. The topics each agent is expected to address are unknown to the defense, but the defense urges the Court to reject any effort by the Government to have these witnesses testify in an overview or summary manner.

Both overview and summary testimony are prone to abuse and strictly limited by Tenth Circuit precedent. *See United States v. Brooks*, 736 F.3d 921, 930 (10th Cir. 2013). Overview testimony from law enforcement or other government agents is generally "susceptible to abuse" because "it can stray into matters that are reserved for the jury,

such as opinions about a defendant's guilt or a witness's credibility." *Id*. Such testimony

is particularly problematic when the "overview witness testifies based on hearsay

rather than on personal knowledge or when an overview witness offers an opinion on

the defendant's guilt." *United States v. Marquez*, 898 F.3d 1036, 1051 (10th Cir. 2018); *cf.*

*United States v. Bader*, 678 F.3d 858, 878 (10th Cir. 2012) (permitting a non-law

enforcement witness to read from a document on the stand where the witness had

personal knowledge of the document from which she read). "Other potential problems

include the government's ability (1) to spin the evidence in its favor before it is admitted

(assuming it is ever admitted), (2) to give its official imprimatur to certain evidence, and

(3) to allow its witnesses (usually law enforcement) to testify on matters about which

they have no personal knowledge or that are based on hearsay." *Brooks*, 736 F.3d at 930.

"There is also the possibility that later testimony might be different than what the

overview witness assumed," and "overview testimony by government agents is

especially problematic because juries may place greater weight on evidence perceived

to have the imprimatur of the government." *Id*. at 930–31 (quoting *United States v. Casas*,

356 F.3d 104, 119–20 (1st Cir. 2004)).

Because of these dangers, Tenth Circuit precedent restricts the use of overview

testimony to certain "limited circumstances" and "courts generally allow overview

testimony to the extent it concerns how an investigation began, the law enforcement

agencies involved, or the investigative techniques used." *Id*. at 930. Such testimony

should be given at a "high-level of generality, focused on the investigative techniques

used and the course of the investigation while only mentioning names to the extent necessary to explain the next course of action taken." *Id*. at 934. But "the government's agent should not be testifying second-hand as to the incriminating information gleaned during the investigation." *Id*. In short, "police witnesses may not simply repeat on the stand what other witnesses have told them and justify the practice by arguing that the statements are introduced to explain how they went about their investigation." *United States v. Cass*, 127 F.3d 1218, 1224 (10th Cir. 1997).

Summary testimony is equally problematic. It is "conceptually similar to overview testimony," except that it "comes toward the end of a case" and is "used to repackage complex testimony or already-admitted evidence for the jury." *Brooks*, 736 F.3d at 931. Courts "must look at two factors when determining whether to admit summary testimony . . . (1) the testimony's . . . potential to aid the jury in ascertaining the truth; and (2) the possible prejudice that may result to the defendant in allowing such evidence." *Id*.

In *Penn*, Chief Judge Brimmer set strict boundaries on overview testimony: "overview testimony is just about categories of things that explain how the investigation . . . was initiated, but not in a lot of detail." (*Penn*, ECF No. 1041, p. 165.) He ruled that the testimony needed to be "pretty general," and the agent could not testify about "specific search warrants, specific interviews," nor could he offer "inappropriate opinion testimony" on "whether there was any evidence of bid-rigging

or price-fixing," such as, "we gathered all these documents and then I drew the following conclusions after my preliminary review[.]" (*Id.* at 167, 168.)

The Court should strictly limit overview or summary testimony by case agents.

## C.   Manner of Admission of Communications between Co-Defendants

The Court has ruled that certain communications between the alleged co-conspirators are not hearsay under F.R.E. 801(d)(2)(E). While Mr. Yioulos is expected to testify at trial, the Government cannot compel testimony from Mr. Tew or Mrs. Tew. Thus, if the Government seeks to admit communications sent between the Tews, it will have to do so without a testifying witness who has personal knowledge of the communications.

In *Penn*, the Government sought to introduce email and text communications between non-testifying co-defendants through testimony of government agents. Chief Judge Brimmer ruled that it would be impermissible for "a special agent who has no personal knowledge of . . . an e-mail . . . [to] read that to the jury." (Ex. A, *Penn* Tr. Day 8, p. 1625.) Chief Judge Brimmer also denied the government's request that agents "establish relevance" of documents or communications because that would "go more towards attorney argument." (*Id.* at 1630 (finding it unlikely that agents in this case "could supply some fact testimony that would bear on relevancy").) Instead, Chief Judge Brimmer suggested that the government could simply display these documents on the screen to the jury. In doing so, he noted that, although "putting [documents] up on the screen" is "cumbersome," it is a "strategic or logistical problem" that is "almost

inherent with documents that are coming in without a person who has some personal knowledge of the document." (*Id*. at 1627.) Chief Judge Brimmer also did not permit the government to highlight portions of the documents admitted without a sponsoring witness when those documents were displayed to the jury because the highlighting would convey which parts of the documents the government viewed as important, which "boils down to being argumentative." (*Id*. at 1628.)

The defense urges the Court to follow the same procedure here.

Dated: January 24, 2024.

Respectfully submitted,

s/ *David S. Kaplan*
David S. Kaplan
Jamie Hubbard
STIMSON LABRANCHE HUBBARD, LLC
1652 Downing Street
Denver, CO 80218
Phone:  720.689.8909
Email:   kaplan@slhlegal.com
hubbard@slhlegal.com

*Attorneys for Kimberley Ann Tew*

**Certification of Type-Volume Limitation**

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

**Statement of Speedy Trial Impact**

Pursuant to Judge Domenico's Practice Standard III(C), defense counsel notes that this filing has no effect on the speedy trial clock.

*s/ David S. Kaplan*
David S. Kaplan

## Certificate of Service

I certify that on January 24, 2024, I electronically filed the foregoing *Defendant Kimberley Tew's Trial Brief* with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail address and all parties of record:

Bryan Fields
Sarah Weiss
U.S. Attorney's Office-Denver
1801 California Street
Suite 1600
Denver, CO 80202
bryan.fields3@usdoj.gov
sarah.weiss@usdoj.gov

Jason D. Schall
7350 E. Progress Place, Suite 100
Greenwood Village, CO 80111
jason@bowsch.com

Kristen M. Frost
Ridley McGreevy & Winocur, P.C.
303 16th Street, Suite 200
Denver, CO 80202
frost@ridleylaw.com

*Counsel for Michael Tew*

*s/ Brenda Rodriguez*
Brenda Rodriguez