IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 20-cr-00305-DDD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. MICHAEL AARON TEW and
2. **KIMBERLEY ANN TEW**,
   a/ka Kimberley Vertanen,

    Defendants.

**GOVERNMENT'S RESPONSE TO DEFENDANT KIMBERLEY TEW'S MOTION TO CONTINUE TRIAL AND MOTION FOR ENDS OF JUSTICE CONTINUANCE OF 90 DAYS**

Further delay in this matter would not serve the ends of justice and is unsupported by the *West* factors. *United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987). This case has been pending for almost three years. Defense counsel has been assigned for over one year, and it has been almost two months since the filing of a *James* log that chronicled, almost day-by-day, the Tews' successful efforts to defraud their victims out of over $5,000,000. Those victims deserve their day in Court. Witnesses — a few of whom have had to prepare to discuss before a jury of 12 strangers vignettes from some of the worst moments of their lives — have been subpoenaed and have made arrangements to travel to Colorado. They, too, deserve an end to their waiting and anxiety. And the public deserves a speedy trial over the

1

allegations in the indictment.

The court should deny Defendant Kimberley Tew's Motion to Continue Trial and Motion for Ends of Justice Continuance, ECF No. 374 (Def. Mot.). *See United States v. Rivera*, 900 F.2d 1462, 1475 (10th Cir. 1990) (noting that decisions to deny a motion for a continuance are reviewed for abuse of discretion, which only occurs if denial is "arbitrary or unreasonable and materially prejudice[s] the [defendant].").

Denying the defendant's motion for three more months of delay will cause no material prejudice and — especially because it was filed so shortly before trial and after so many previous continuances — is well within the Court's considerable discretion. *See, e.g., United States v. Maley*, 681 F. App'x 685, 687 (10th Cir. 2017) (finding no abuse of discretion in denying defendant's fourth motion for continuance filed days before trial where court balanced defendant's right to counsel against need to maintain integrity of judicial process, including inconvenience to 35 witnesses and the granting of three prior continuances); *United States v. Davies*, No. 14-cr-362-WJM, 2018 WL 305734, at *2 (D. Colo. Jan. 5, 2018) (denying motion for continuance where case had been set for trial for three years after indictment); Order, *United States v. McFadden*, 19-cr-00243-CMA, ECF No. 108 at (Oct. 19, 2022) (denying motion for a continuance because, among other reasons, counsel had nine months to prepare but filed motion only two-and-a-half weeks before trial and raised only issues pertaining to long-disclosed evidence) [Exhibit 1].

> **I.  The defendant has had over nine months to review the discovery and almost two months to raise issues first identified by the government's *James* filing  so I would change this to defense counsel has had – clearly the defendant has had 4 years.  And why is it nine months?  I thought Kaplan has been on the case for a year?**

The first *West* factor—the diligence of the party seeking the extension—does not support a continuance here. The defendant has been aware that "[d]iscovery in this case is voluminous," Def. Mot. at 1, since the last time she filed a motion for a continuance in March 2023. ECF No. 315 (describing accurately the immense volume of digital evidence). The only thing that appears to have changed is that she finally looked at that information in detail in late December while sitting through the *James* hearing.

As counsel for Michael Tew put it at that hearing: this is not a particularly complicated case. It involves two defendants who submitted false invoices to illicitly obtain millions of dollars, most of which was deposited directly into their personal and business accounts. Nothing about the actual allegations are "so unusual or complex" as to make it "unreasonable to expect adequate preparation for pretrial proceedings or for trial itself within the time limits" of the Speedy Trial Act. 18 U.S.C. § 3161(h)(7)(B)(ii). The only thing that makes this case even somewhat out of the ordinary is the massive quantity of evidence supporting the charged fraud and money laundering conspiracies. But the government accommodated that concern and the Court already addressed it when it granted Kimberley Tew's request for a *120-day* exclusion in March 2023 so that her third lawyer could prepare to properly

3

advise her. ECF No. 315.

The court should keep in mind that the major item of evidence identified in the motion as requiring additional defense review is *the defendant's own telephone and associated iCloud account*, which she has had access to in its original, user-friendly and completely searchable format since well before the grand jury even returned the indictment against her. The defendant was and is more than well equipped, with her historical knowledge of her own telephone habits, patterns, contacts and conversations, to provide her counsel with any and all available information casting doubt on the attribution of text messages stored in her iCloud account.

It is unclear why or how the defendant could not have anticipated that a repository of correspondence with co-conspirators and other trial witnesses would become a significant component of the prosecution, nor why she could not "untangle" the evidence on her own phone and iCloud account to find impeachment evidence. Def. Mot. at 2-3. Also left unexplained is why the defendant — unique among the various stakeholders here in having singular personal knowledge about her own communications — would find any review of her own digital accounts to be "slower than anticipated." These failures of explanation are, by themselves, a reason to deny the motion. *United States v. Toombs*, 574 F.3d 1262, 1272 (10th Cir. 2009) (" "Simply identifying an event, and adding the conclusory statement that the event requires more time for counsel to prepare, is not enough.")

The government emphasizes here that Kimberley Tew's lead counsel has

4

decades of experience successfully representing defendants confronting sophisticated charges in high-stakes matters with complicated evidentiary issues. The government has no doubt that current counsel have exercised diligence in preparing for trial and recognizes that they are skilled, thorough, effective, and competent.

Through the motion, it becomes clear that any problem must be with the diligence of the *party* — Kimberley Tew — and not her lawyers. The record in this case evinces the defendant's steadfast refusal to actually engage with her *three* prior lawyers over the past three-and-a-half years and who has, instead, pursued every possible avenue to delay the day of reckoning. To the extent more information is needed regarding the authenticity of the defendant's own text messages, there can be no other explanation than that the defendant herself has stymied counsel's progress by failing to participate in her own defense. The defendant should not be permitted to postpone justice in this matter by manipulating the system related to the appointment of counsel and then frustrating that appointed counsels' ability to prepare for trial. *United States v. Willie*, 1941 F.2d 1384, 1390 (10th Cir. 1991) (noting "there must be some limit to the defendant's ability to manipulate the judicial system," and identifying the myriad ways in which clients can use tactical disengagement with counsel as a delaying tactic).

If there really are genuine issues of "authentication and foundation," Def. Mot. at 2, the defendant could and should have been aware of that issue almost

immediately.[1] The time to consult with an expert was in April or May 2023, after initial review of the file from Apple provided in its native form by the Filter Team. It is not now, fewer than ten days before trial. The motion is another delay tactic that should be denied.

## II. The defendant has not demonstrated how 90 more days of delay will be useful, let alone necessary

The second and fourth *West* factors — the likelihood that a continuance will accomplish the stated purpose and the need for the asserted continuance — similarly weigh against further delay.

The defendant is essentially asking for 90 days to make authenticity arguments or to challenge attribution of messages that have been available to her since the inception of this case.[2] But she fails to explain how — even if she is successful — why an expert would do anything she isn't already capable of doing through cross-examination and a comparison of the government's evidence of the text messages with her native copies of the same.

---

[1] The business records that Apple provided, along with a declaration certifying that the government's exhibits are derived, by reliable electronic means, from a true and correct copy of the kley@me.com account, is one of the government's 902(11) and (13) certifications. The defendant has been afforded multiple opportunities to challenge the governments' certifications, *first*, orally at the *James* hearing; *next*, in a subsequent written filing, *see* ECF No. 360; and *finally*, by "*specific* objections to those declarations," which are due to the court on January 29. ECF No. 367 at 10-11. To date, the defendant has raised no such specific objection.

[2] Setting aside the defendant's own access to her personal accounts, the *James* log filed over seven weeks ago provided citations to the discovery for every single text. And the defendants received courtesy copies of every single text a week later, on December 14, 2023.

6

Nor does she grapple with a simple legal principle already ruled upon by this court: Attacks on the *attribution* of a particular message, whether to her or to a co-conspirator, do not go to that evidence's *admissibility*. The government made this point clear in its *James* proffer. *See* ECF No. 341 at 8, 10, 11 (citing *United States v. Martinez*, 430 F.3d 317, 326 (6th Cir. 2005); *United States v. Ayalaa*, 601 F.3d 256, 268 (4th Cir. 2010)). Defense counsel conceded that point at the time, both by not raising the argument in the more general sense that she describes it now, and also by failing to challenge many of the messages she now targets in her response to the *James* log. ECF No. 341-1. *See* ECF No. 346 (responding to government's *James* proffer without raising any legal issues related to attribution, authenticity, or foundation). The methods used by the witnesses to make attributions were also discussed at the *James* hearing itself. The court has heard all of these arguments, and it has ruled: the vast majority of the statements in the government's *James* log were in furtherance of a conspiracy, and have been provisionally deemed authentic (at least as to the first layer of hearsay). ECF No. 361 at 12; ECF No. 367 at 6. To the extent that the defendant seeks to question the government's witnesses on the technology, the Court has expressly carved a lane for that avenue of cross-examination. ECF No. 367 at 9.

The Court's provisional ruling as to the admissibility of the co-conspirator statements largely undermines the basis for the defendant's motion stated now. because the court has also already ruled as a matter of law that questions over who received a particular message "[do] not matter." This is because the sort of doubts

7

the defendant now states that she needs to explore do not go to whether the statement actually furthered the conspiracy, but rather, "whether it was meant to." ECF no. 361 at 8 (citing *United States v. Reyes*, 798 F.2d 380, 384 (10th Cir. 1986) and quoting from *United States v. Piper*, 298 F.3d 47, 53 (1st Cir. 2002); *Id.* at 7 (quoting Charles Allan Wright & Arthur R. Miller, Federal Practice and Procedure § 6778 (2023 ed.).

Given this clear legal guidance, the defendant cannot explain how an additional ninety days will make any appreciable difference to the trial: even if attribution to a particular *phone* is successfully attacked, the court has ruled that the messages are in furtherance because they can be attributed to the *conspiracy*. Absent some other successful objection based on another rule of evidence, the jury will get to see these messages anyway and the defendant will be left to argue to the fact-finders that her questions regarding attribution cast reasonable doubt as to her guilt. That she now wishes that she had time to secure expert testimony to assist her in that regard cannot justify continuing this trial ten days before it is scheduled to start, thereby inconveniencing this Court, prospective witnesses, and the government, all while thwarting the interests of the public in a speedy trial.

Attribution and authentication issues were also already litigated as part of the government's motion *in limine*. ECF Nos. 344 (Gov't Mot.); 360 (Def. Resp.). The Court gave the defendant ample time to file a response brief describing her concerns about attribution, which is, of course, a legal argument derivative of authentication or foundation issues. *That* would have been the obvious time to ask for a possible

8

continuance to consult with an expert or to raise related arguments regarding the admissibility of the government's exhibits. But the defendant made no such arguments when given the fair opportunity to do so, and the moment has passed.

The defendant has had *years* to analyze the digital evidence and numerous opportunities to file motions, raise issues of concern, or ask for more time. The fact that she declined to make these arguments — despite the previous extensive litigation and their now-professed importance — means that such arguments should be deemed waived. Asking for 90 more days to prepare what is effectively a motion for reconsideration premised on waived arguments is not good cause for a continuance.[3]

### III. A continuance prejudices the government, the public, and the victims.

For all of the reasons above, denying a continuance will not prejudice the defendant. But it will prejudice the government, and it will thwart the public's interest in vindicating its constitutional right to a speedy trial.

The United States is obligated to protect the interests of the public in a

---

[3] The example cited by defense counsel in the brief illuminates clearly that the delay will be geared at re-litigating issues that have already been raised and waived. The brief complains about the attribution in *James* log entry 56. Def. Mot. at 2. But the Court has already explained in its order, "context clues and other characteristics of various messages are sufficient to deem those messages authentic under Rule 901." ECF No. 367 (citing *United States v. Fluker*, 698 F.3d 988, 999 (7th Cir. 2012) as an example of how messages can be authenticated based on context). That message — to the number used by MM — references "Kimberley" in the third person and discusses the participants' respective wives. It is, based on context, clearly from Michael Tew. The Court found this message to be in furtherance of the conspiracy. Giving the defendant 90 days to develop additional arguments to attack the Court's ruling is not a valid reason for a continuance.

9

speedy trial. The Speedy Trial Act protects not only the defendant's constitutional right to a speedy trial but also "the public interest in ensuring prompt criminal proceedings." *United States v. Hill*, 197 F.3d 436, 440 (10th Cir. 1999). The statute was "designed with the public interest firmly in mind." *Toombs*, 574 F.3d at 1273. Therefore, "[i]t is the responsibility of not only the district court, but also the government, to protect the interests of the public by ensuring adherence to the requirements of the Speedy Trial Act." *Id.*

To grant the requested exclusion of time, the Court must find that "the ends of justice served by [the continuance] outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). In balancing these interests, the Court considers the applicable factors under section 3161(h)(7)(B), including whether the failure to grant a continuance would be likely to result in a miscarriage of justice, or whether denial would unreasonably prevent adequate and effective preparation for trial. *Id.* § 3161(h)(7)(B)(i), (ii), (iv).

The victims in this case also have a right to speedy trial. *See United States v. Fraley*, 2023 WL 409700, at *5 (6th Cir. 2023) (denying continuance, district court properly considered victims' rights to speedy trial); *United States v. McDaniel*, 411 F. Supp. 2d 1323, 1325 (D. Utah 2015) (noting that substitutions of counsel can frustrate speedy trial rights of both defendants and victims). Further, crime victims have a statutory "right to full and timely restitution as provided in law," and "the right to proceedings free from unreasonable delay," 18 U.S.C. § 3771(a)(6), (7).

10

The owners of NAC — victims of the betrayal of their former CFO and of the defendant, and a former contractor — have been awaiting justice for almost three-and-a-half years. Continued delay negatively impacts the prosecution's ability to vindicate victim rights, given the natural consequences of delay, such as witnesses' memories fading and witnesses becoming more likely to be unavailable due to death or infirmity. Over the passage of time, restitution and forfeiture become more elusive, as well. The victims' interest in a speedy trial outweighs defendants' need for yet another continuance.[4]

Additionally, there are significant logistical issues with moving the trial date. Many witnesses will be travelling from out of state, taking time out of otherwise busy work schedules and making arrangements to satisfy their personal responsibilities. The United States has served trial subpoenas on its witnesses for the February 5 trial date; for many of the witnesses this is the second time they have been subpoenaed. These witnesses' willingness to comply with subpoenas and provide their testimony to a jury in the interests of justice does not mean that they deserve to be subjected to a repeated upending of their lives. In sum, a continuance would undermine the public's, the victims', and the Government's interest in a speedy trial.

On the other side of the scale, denial of the requested continuance is not likely to result in a miscarriage of justice, because adequate time has been provided to address the issues raised in the defendant's motion. 18 U.S.C. § 3161(h)(7)(B)(i).

---

[4] The motion is unopposed by Michael Tew. *See* ECF No. 373 at 1.

11

The 1,087 days since the Grand Jury returned its indictment (or even just the 388 days since counsel entered his appearance) have been sufficient time for effective preparation, taking into account the exercise of due diligence. *Id.* § 3161(h)(7)(B)(iv), (ii).

Should the Court determine a continuance is appropriate, the United States respectfully submits that sufficient time should be excluded from the speedy trial clock to permit trial in late June 2024. Trial after the currently set date but before June 2024 would unreasonably deny the Government continuity of counsel and, relatedly, prevent adequate preparation for trial. 18 U.S.C. § 3161(h)(7)(B)(ii), (iv). Undersigned counsel have invested significant time to prepare for trial; they are deep into trial preparation and have personally met with witnesses and victims. AUSA Fields is set for a four-day trial on March 18, 2024, *United States v. Robinson*, 23-cr-274-RMR, and then a thirteen-day trial in a complex international foreign exchange fraud case featuring numerous international witnesses set to begin on April 29, 2024, *United States v. Stewart*, 21-cr-000034-WJM. Both cases have already been reset several times and further delay is extremely unlikely. Given those obligations, if trial does not begin as scheduled in ten days, AUSA Fields will need time in March and April to prepare witnesses and other materials for the other cases' trials, and then will immediately need to return to this case in May once again prepare for this trial. The Government has planned its staffing around the current, long-set, February 5, 2024 trial date and respectfully requests

12

that, if moved again, it be set in or after June 2024 to avoid another reassignment of counsel that prejudices the Government and potentially leads to further cascading delays.

Respectfully submitted,

COLE FINEGAN
United States Attorney

By:   */s/ Bryan Fields*             By:   */s/ Sarah H. Weiss*
Bryan Fields                          Sarah H. Weiss
Assistant United States Attorney      Assistant United States Attorney
U.S. Attorney's Office                U.S. Attorney's Office
1801 California St. Suite 1600        1801 California St. Suite 1600
Denver, CO 80202                      Denver, CO 80202
(303) 454-0100                        (303) 454-0100
Bryan.Fields3@usdoj.gov               Sarah.Weiss@usdoj.gov
Attorney for the Government           Attorney for the Government

**Certification of Type-Volume Limitation**

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

*/s Bryan Fields*
Bryan David Fields

**Statement of Speedy Trial Impact**

Pursuant to Judge Domenico's Practice Standard III(C), the government notes that this motion will not affect the speedy trial clock in this case its granting would necessarily involve the court making the necessary findings of fact to exclude time and denial will keep the case on track to be tried on February 5, 2024, within the calculated speedy trial deadline.

13

**CERTIFICATE OF SERVICE**

       I hereby certify that on January, 26 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to any and all counsel of record.

                                        *s/ Bryan Fields*
                                        United States Attorney's Office