IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 1:20-cr-00305-DDD-2

UNITED STATES OF AMERICA,

    Plaintiff,

v.

**2. KIMBERLEY ANN TEW**

    Defendant.

**Motion for Finding that Ms. Tew's Waiver of Right to Confront and Cross-Examine Witnesses was Not Knowing or, in the Alternative, Request for Hearing**

Defendant Kimberley Tew, through undersigned counsel, moves the Court for a finding that her execution of the proffer letter was not a knowing and intelligent waiver of her right to confront and cross-examine the witnesses who will testify against her. In the alternative, Ms. Tew requests a hearing on whether her waiver was knowing and intelligent.

In a recent ruling, the Court interpreted Ms. Tew's proffer agreement and held that attorney argument or questioning could trigger the waiver provision "if it clearly seeks to introduce evidence that is contrary to the proffer statements." (*Id*. at 5.) If the waiver provision is triggered, the Government may use any portion of Ms. Tew's proffer statements against her. (ECF No. 373-1.) The Court's ruling limits counsel's cross-examination of the witnesses that will testify against Ms. Tew at trial, and

therefore requires the Court to find that this important trial right was knowingly waived by Ms. Tew.

*Statement of Conferral*: The government opposes the relief requested herein.

**A.      The Right to Cross-Examine Witnesses is Fundamental to a Fair Trial**

"The Confrontation Clause of the Sixth Amendment guarantees the right of an accused in a criminal prosecution 'to be confronted with the witnesses against him.'" *Delaware v. Van Arsdall*, 475 U.S. 673, 678 (1986). "Confrontation means more than being allowed to confront the witness physically." *Davis v. Alaska*, 415 U.S. 308, 315 (1974). Central to the Clause's purpose is "secur[ing] for the opponent the opportunity of cross-examination." *Van Arsdall*, 475 U.S. at 678. As the Supreme Court explained in *Davis*:

> Cross-examination is the principal means by which the believability of a witness and the truth of his testimony are tested. Subject always to the broad discretion of a trial judge to preclude repetitive and unduly harassing interrogation, the cross-examiner is not only permitted to delve into the witness' story to test the witness' perceptions and memory, but the cross-examiner has traditionally been allowed to impeach, i.e., discredit, the witness.

415 U.S. at 316.

**B.      Any Waiver of a Fundamental Trial Right must be Knowing and Voluntary**

Any waiver of a fundamental trial right in a criminal case "must be a 'knowing, intelligent act done with sufficient awareness of the relevant circumstances.'" *Iowa v. Tovar*, 541 U.S. 77, 80 (2004) (quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)). A waiver is knowing if made "with full awareness of both the nature of the right being

2

abandoned and the consequences of the decision to abandon it." *Moran v. Burbine*, 475 U.S. 412, 421 (1986); *United States v. Morris*, 287 F.3d 985, 988 (10th Cir. 2002). "The purpose of the 'knowing and voluntary' inquiry ... is to determine whether the defendant actually does understand the significance and consequences of a particular decision and whether the decision is uncoerced." *Godinez v. Moran*, 509 U.S. 389, 401 (1993). When a defendant waives his constitutional rights, he must be "made aware of the dangers and disadvantages ... so that the record will establish that 'he knows what he is doing and his choice is made with eyes open.'" *Faretta v. California*, 422 U.S. 806, 835 (1975).

C.   **Ms. Tew Did Not Knowingly and Intelligently Waive Her Right to Confront and Cross-Examine the Government's Witnesses**

When Ms. Tew executed the proffer letter, she did not understand that her statements at the proffer session could limit her ability to confront the witnesses who testified against her through cross-examination by counsel. As an offer of proof,[1] undersigned counsel states that she represented Ms. Tew at the time of her proffer and reviewed the proffer agreement with Ms. Tew. Consistent with local practice, undersigned counsel understood the waiver provision in paragraph 4 could only be triggered by Ms. Tew affirmatively testifying or offering evidence on her own behalf. Undersigned counsel advised Ms. Tew that, by signing the proffer letter, she was

---

[1] Ms. Tew has authorized undersigned counsel to reveal the content of attorney-client communications. This waiver is limited to communications about the proffer letter and how Ms. Tew was advised on the impact of executing the proffer agreement.

3

agreeing that her proffer statements could be used against her if she chose to testify at trial.

Counsel did not understand the proffer letter to mean that Ms. Tew's attorney could trigger the waiver provision through argument, cross-examination, or in any other way. Ms. Tew was not advised that her proffer statements could be used against her if her attorney argued or elicited testimony contrary to a statement made in her proffer session.

In determining whether a waiver is knowing and intelligent, the relevant inquiry is whether a defendant "understands the rights at stake and the consequences of waiving them." *Smith v. Mullin*, 379 F.3d 919, 934 (10th Cir. 2004); *see also Godinez*, 509 U.S. at 401(a knowing and intelligent waiver requires an understanding of the "significance and consequences of a particular decision"). Ms. Tew was advised that the proffer agreement affected her constitutional right to testify on her own behalf because doing so could trigger the waiver provision. Ms. Tew was not advised that executing the proffer letter limited her ability to confront and cross-examine the witnesses testifying against her. Ms. Tew was not advised that executing the proffer letter impacted her right to counsel by limiting positions taken or arguments advanced by her attorneys at trial.

4

### D. The *Oluwanisola* Decision is Distinguishable Because It Utilizes Different Language that is Material to the Analysis

At the trial preparation conference, the Court directed the parties to *United States v. Oluwanisola*, 605 F.3d 124 (2d Cir. 2010). The waiver provision in *Oluwanisola* stated that defendant's proffer statements could be used "as substantive evidence to rebut, directly or indirectly, any evidence offered or elicited, or factual assertions made, by <u>or on behalf of [the defendant]</u>." *Id*. at 128 (emphasis added). This language put Oluwanisola on notice that, in signing his proffer agreement, he was contracting away not only his personal right to offer or elicit factual assertions contrary to his proffer, but also the right to have an attorney or someone else acting on his behalf offer or elicit contrary factual assertions. The same "by or on behalf of" language appears in the waiver provisions in nearly every case cited by the Government. *See United States v. Rebbe*, 314 F.3d 402, 404 (9th Cir. 2002) ("or to rebut any evidence, argument or representations offered by or on behalf of your client"); *United States v. Barrow*, 400 F.3d 109, 113 (2d Cir. 2005) ("to rebut any evidence offered or elicited, or factual assertions made, by or on behalf of [the defendant]"; *United States v. Hardwick*, 544 F.3d 565, 569 (3d Cir. 2008) (to rebut any evidence or arguments offered on [Murray's] behalf.").

Ms. Tew's proffer agreement does not say that the waiver provision can be triggered by someone acting "on behalf of" Ms. Tew. The plain language of the agreement did not advise Ms. Tew that she was contracting away her right to confront witnesses through her attorney. And Ms. Tew was not advised that, by signing the

proffer agreement, she was limiting her attorney's ability to make arguments or cross-examine witnesses.

## Conclusion

The Court has ruled that Ms. Tew waived—in part—her right to confront witnesses when she executed the proffer agreement. Ms. Tew's waiver of these rights was not knowing and intelligent, and the proffer statements should be barred from use at trial. If the above record is not sufficient to meet Ms. Tew's burden to show her waiver was not knowing and intelligent, she requests a hearing on the matter.

Dated: February 4, 2024.

Respectfully submitted,

*s/ Jamie Hubbard*
Jamie Hubbard
David S. Kaplan
STIMSON LABRANCHE HUBBARD, LLC
1652 Downing Street
Denver, CO 80218
Phone: 720.689.8909
Email: hubbard@slhlegal.com
kaplan@slhlegal.com

*Attorneys for Kimberley Ann Tew*

6

## Certificate of Service

I certify that on February 4, 2024, I electronically filed the foregoing *Motion for Finding that Ms. Tew's Waiver of Right to Confront and Cross-Examine Witnesses was Not Knowing or, in the Alternative, Request for Hearing* with the Clerk of Court using the CM/ECF system which will send notification of such filing to all parties of record.

*s/ Brenda Rodriguez*
Brenda Rodriguez

## Certification of Type-Volume Limitation

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

## Statement of Speedy Trial Impact

Pursuant to Judge Domenico's Practice Standard III(C), defense counsel states that, as a motion filed by the defendant, any time between filing of the motion and its resolution are excludable from the speedy trial calculation.

*s/ Jamie Hubbard*
Jamie Hubbard

7