IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 20-cr-00305-DDD-SBP

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. MICHAEL AARON TEW, and
2. **KIMBERLEY ANN TEW, a/k/a Kimberley Vertanen,**

    Defendants.

## GOVERNMENT'S BRIEF REGARDING DEFENDANT KIMBERLEY TEW'S ONGOING ELIGIBILITY FOR CJA COUNSEL

On March 27, 2024, the government filed a brief outlining certain financial information it has received regarding the state of Michael and Kimberley Tew's assets between approximately the time they were appointed CJA counsel (in December 2022) through the near-present (approximately February 2024). ECF No. 465. The same filing outlined the government's position as to the law that should be applied in determining the question referred to this Court, namely, whether Michael Tew is entitled to CJA-funded representation going forward. *Id.* The government fully incorporates that brief by reference, and makes this filing for the limited purpose of supplementing those facts and law that are particularly pertinent to assessing the same question of Kimberley Tew's ongoing eligibility for CJA representation.[1]

---

[1] On March 28, this Court held a three-hour *ex parte* hearing as to Michael Tew's ongoing eligibility. By and through oral and written order, this Court determined that

As with her husband, the government has limited information regarding Kimberley Tew's present financial state. As to the facts, here is what the government does know: The government is not aware of any legitimate employment for Kimberley Tew. She is, however, a profligate gambler. Her gambling addiction is apparently severe, and it poses a threat to herself and others. In recent years, that addiction has expanded into cryptocurrency speculation. To feed this habit, she has used her own funds; funds legitimately earned by her husband; funds that she convinced others to "invest" with her; and funds stolen from the Victim Company in this case.

The banking records, summarized in the government's prior brief, strongly suggest that she has not broken her habit. Vast quantities of cash and digital currency have gone into accounts held by Kimberley Tew and Michael Tew, the exact provenance of which is unknown at this time. Any inquiry into the present state of Kimberley Tew's finances will require an accounting of the sources of funds into and out of those accounts, much of which has been partially anonymized and/or made difficult to trace given Kimberley's propensity to use financial technologies such as peer-to-peer payments, crypto exchanges, and off-shore gambling websites.[2]

Based on evidence gathered during the investigation that led to her conviction, as well as the evidence presented in civil fraud proceedings in Denver District Court, it is more likely than not that Kimberley solicited currency and crypto from others

---

Michael Tew remained so eligible. *See* ECF Nos. 468, 471.

2   Most online gambling is prohibited in the U.S.; however, the evidence would seem to suggest that Kimberley Tew has used VPNs to mask the location of her IP address in order to use gambling websites that are based in other countries.

to invest on their behalf. *See* Gov't Sentencing Statement, ECF No. 459 at 27-29. That same evidence shows that Kimberley convinced those investors that she could earn fantastic returns with a "trading algorithm." In reality, the evidence described in the Government's *James* log, ECF No. 341-1 and set forth in in its sentencing statement, ECF No. 459, show that Kimberley used proceeds from one fraud to pay off another, skimming money from any source she could find to feed a seemingly endless appetite to gamble and to spend.

This means that one of two scenarios applies here: (1) Kimberley has substantial fungible assets available to her that she has been choosing to invest in crypto, rather than paying for her own legal defense; or (2) she has income derived from others' investments which could have been used for that purpose. The origin of these funds, and Kimberley's credibility regarding those assets, should be evaluated carefully by this Court in examining whether she is entitled to CJA-funded counsel going forward and if not, from what source of funds she will pay for private counsel. *See generally Caplin & Drysdale, Chartered v. United States*, 491 U.S. 617, 626 (1989) (restating general proposition that criminal defendant has no right to use stolen money to pay for private counsel).

In addition to the facts summarized in the government's prior brief, the government has recently learned that an account held with wirex USA in the name of Michael Tew engaged in over $20,000 worth of transactions between the end of November 2023 through the end of March 2024. Those transactions were associated with a variety of online gambling platforms such as stake.com. The fact that this

account was held in Michael Tew's name is significant only insofar as Kimberley has often controlled accounts put in her husband's name, especially when doing so could give her some measure of deniability about her knowledge of and access to those holdings. The gambling activity, however, is entirely consistent with her past behavior and her own confessions that she is gambling addict.

Moreover, the government also points out that the influxes of cash associated with Kimberley's crypto speculation show all the hallmarks of structuring. This, too, is consistent with the couple's past criminal behavior; their knowledge of financial institutions' reporting requirements; and a calculated effort to engage in questionable financial activity in a way intended to avoid the scrutiny of regulators, law enforcement, and pretrial services.

Finally, the banking records from Credit Union of Denver indicate that Kimberley had control or access to the funds being held there as well, including the income earned by Michael. The government notes two purchases made around trial: On February 8, 2024, she purchased $575.60 worth of items at Nordstrom, and on February 13, she spent $1,278.53 at Valentino. Both of these purchases were consistent with apparel she wore at trial. Likewise, large three- and four-figure withdrawals during trial, including through Apple Cash, indicate the same peer-to-peer transactions reminiscent of her transfers of fiat into crypto. These purchases are direct evidence that she retains sufficient discretionary income to pay for a lawyer and are exactly the type of frivolous spending that should be spent on repaying the CJA program, rather than on enriching herself.

## CONCLUSION

The Court indicated in its written decision regarding Michael Tew that it conducted a searching inquiry of his finances, including examination of the supporting documents. The Court convened a three-hour hearing to assess the present state of Michael Tew's finances. The same sort of searching inquiry is required here. For Kimberley, that assessment may be all the more difficult, given her propensity to engage in non-traditional investment activities that obscure both the nature of her income and the necessity of any expenses. The government therefore urges the Court, as part of that inquiry, to require that Kimberley fully disclose the account balances and transactional history of <u>all</u> her accounts, including those held with peer-to-peer payment systems, crypto exchanges, and off-shore online casinos. Should Kimberley opt not to do so, then the Court would be well within the law and the facts to decide that she cannot meet her burden to show her ongoing eligibility for CJA-funded counsel.

Respectfully submitted this 10th day of April, 2024.

                                        COLE FINEGAN
                                        United States Attorney

By:   */s/ Bryan Fields*                   By:   */s/ Sarah H. Weiss*
Bryan Fields                                    Sarah H. Weiss
Assistant United States Attorney       Assistant United States Attorney
U.S. Attorney's Office                    U.S. Attorney's Office
1801 California St. Suite 1600         1801 California St. Suite 1600
Denver, CO 80202                       Denver, CO 80202
(303) 454-0100                             (303) 454-0100
Bryan.Fields3@usdoj.gov               Sarah.Weiss@usdoj.gov
Attorney for the Government             Attorney for the Government

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 10h day of April, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system that will send notification of such filing to counsel of record in this case.

                                           s/ *Sarah H. Weiss*
                                           Sarah H. Weiss
                                           Assistant U.S. Attorney
                                           1801 California Street, Suite 1600
                                           Denver, CO 80202
                                           Telephone 303-454-0100
                                           Facsimile 303-454-0402
                                           Sarah.Weiss@usdoj.gov