IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 20-cr-00305-DDD-2

UNITED STATES OF AMERICA,

    Plaintiff,

v.

**2. KIMBERLEY ANN TEW,**
  a/ka Kimberley Vertanen,

    Defendant.

---

**UNITED STATES' REPLY TO KIMBERLEY TEW'S NOTICE OF OBJECTION TO UNITED STATES' MOTION FOR PRELIMINARY ORDER OF FORFEITURE (ECF DOC. 522)**

---

Defendant Kimberley Tew objects to forfeiture in the amount of proceeds obtained by her through the conspiracy and argues that she is only responsible for the substantive counts of wire fraud for which she was convicted. *See* ECF Doc. 52, ¶ 4. Her argument defies law and the overwhelming facts establishing her participation, direction, and pressure on her co-conspirators to obtain funds from the victim company to support her gambling, lifestyle, and cryptocurrency scheme as a result of the conspiracy in Count 1 and the wire fraud in Counts 2 through 40.

The jury found beyond a reasonable doubt that (1) Kimberley Tew agreed with others to commit wire fraud; (2) she knew the essential objectives of the conspiracy; (3) she knowingly and voluntarily participated in the conspiracy; and (4)

1

there was interdependence among the members of the conspiracy. Meaning, the members intended to act together for their shared mutual benefit **within the scope of the conspiracy charged**. ECF Doc. 438, p. 21 (Jury Instruction No. 18 Conspiracy to Commit Wire Fraud) (emphasis added); *see United States v. Fishman*, 645 F.3d 1175, 1189 (10th Cir.2011) ("Co-conspirators are interdependent when they 'inten[d] to act *together* for their *shared mutual benefit* within the scope of the conspiracy charged.' ") (citation omitted). Interdependence among the members of the conspiracy, however, does not require that the members all agree on every detail. *Id.* at p. 25 (Jury Instruction No. 20 Conspiracy-Agreement & Interdependence Defined).

In turn, the Indictment, which was provided to the jury, included all of the entities used to perpetrate the fraud, including H.S. CPAs LLC ("HS CPAs"); M.C.G. Inc. ("MCG"); 5530 J.D., LLC ("5530 JD"); P.M., Inc. ("PM"); Global Fuel Logistics, Inc. ("GFL"); and Aero Maintenance Resources ("AMR"), a division of GFL. ECF Doc. 83, ¶¶ 13-14. The conspiracy charged in Count 1 also stated that more than $5,000,000 was paid by the victim company from the invoices submitted by the six entities or divisions. *Id.* at ¶¶ 11, 15. Defendants Michael Tew and Kimberley Tew contacted defendant Jonathan Yioulos to demand money. It was also part of the conspiracy that Kimberley Tew and Michael Tew coordinated and consulted on the amount of money to demand from Yioulos. *Id.* at ¶ 20.

There is absolutely no dispute that defendant Kimberley Tew was convicted of conspiracy to commit wire fraud. She was also found guilty of the wire fraud in

Counts 21, 22, 25, 26, 31, and 32.  ECF Doc. 448.  The individual wire fraud counts included invoices from GFL and AMR and there was evidence supporting her involvement with every entity who submitted false invoices.  *See e.g.* ECF Doc. 516, p. 9-10 (citing Exhibit 2; ECF Docs. 361, 341-1 at 84-85; and GX 715).

The evidence before the Court shows Kimberley Tew maintained consistent pressure on co-conspirators to ensure a constant stream of funds flowing to her and her husband through the conspiracy.  This was done directly with defendant Yioulos, and after he cut off communications with her, through her husband Michael Tew. GX 975; *see also* ECF Doc. 341-1.  As set forth in the government's exhibit 1008, Kimberely Tew sent one message in furtherance of the conspiracy in almost every month of its existence. ECF Doc. 516, Exhibit 1.  She was not a passive, unwilling participant. Defendant Kimberley Tew was a driving force and received the substantial financial benefits from the conspiracy. *See* ECF Doc. 516 (citing ECF No. 341-1 to establish defendant Kimberley Tew's conduct which aided at entries 59, 110, 156, 166, 173, 277, 279, 280, 281, 337, 338, 372; abetted, ECF No. 341-1 at 129, 159; 166, 169, 176, 274, 286; 294, 295, 321, 322, 327, 340, 366, 371; counseled, ECF No. 341-1 at 140, 151, 160, 194, 229, 286, 288, 289, 291, 293, 301, 307, 308, 317, 325, 326, 336, 342, 362, 364; commanded, ECF No. 341-1 at 126, 153, 166, 170, 177, 192, 212, 222, 242, 249, 260, 261, 265, 290, 309, 313, 347, 357, 358, 360, 367, 370; induced, ECF No. 341-1 at 130, 139, 160, 170, 178, 179, 197, 215, 225, 272, 273, 283, 296, 311, 330, 348, 368; produced ECF No. 341-1 at 124, 187, 297;

and willfully caused, ECF No. 341-1 at 136, 146, 189, 190, 200, 205, 276, 290, 298, 299, 332, 341, 356).

Any argument that defendant Kimberley Tew is not responsible for the funds received as a result of the conspiracy is at odds with her conduct and the jury's determination of her participation. The primary objective of the conspiracy was to obtain funds through the wire fraud scheme. There is no evidence that defendant Kimberley Tew withdrew from the conspiracy or that she did not benefit from the funds flowing to her from every entity that submitted false invoices. In essence, defendant Kimberley Tew's argument would mean that there were multiple sub-conspiracies related to each individual entity. That is not what the jury determined when it determined she was guilty beyond a reasonable doubt of Count 1. *See e.g. United States v. Serr*, 817 F. App'x 598, 602 (10th Cir. 2020) ("a single conspiracy does not fracture into multiple conspiracies merely because it involves a series of separate transactions.") (citing *United States v. Brewer*, 630 F.2d 795, 799 (10th Cir. 1980)).

Although Kimberley Tew references *Honeycutt v. United States*, 581 U.S. 443, 137 S. Ct. 1626 (2017), the United States is not asking for a joint and several finding on the forfeiture, but a forfeiture money judgment based on Kimberley Tew's conduct and the benefit the Tews received through the wire fraud conspiracy. Although the Tenth Circuit has not held that *Honeycutt* applies to 18 U.S.C. § 981(a)(1)(C), the *Honeycutt* decision aligns with what the government seeks here. That the defendants who receive the funds from the conspiracy are responsible for

4

those funds.  *See United States v. Channon*, 973 F.3d 1105, 1115 n.8 (10th Cir. 2020) ("Even if Honeycutt applied to § 981(a)(1)(C), Defendants failed to show that its analysis plainly applies to them. . . . Defendants are a married couple who lived together and enjoyed the benefits of their scheme together. The facts here are unlike the case of a drug kingpin and several drug dealers who do not have any relationship or shared benefits outside of the conspiracy.").   The government is not seeking to hold a low-level participant responsible based on *Pinkerton* liability for the fraud funds received by others in the conspiracy; but rather, the government is seeking to hold the primary participants responsible for their gain. Kimberley Tew substantially benefited from every dollar obtained through the wire fraud conspiracy and scheme.  She cannot avoid the fact that she was an instrumental participate in the conspiracy to commit wire fraud and benefitted and enjoyed the receipts from the entire fraud conspiracy along with her husband.

DATED this 6th day of August 2024.

Respectfully submitted,

Matthew T. Kirsch
Acting United States Attorney

By:  /s/ *Laura B. Hurd*
Laura B. Hurd
Assistant U.S. Attorney
U.S. Attorney's Office
1801 California Street, Ste. 1600
Denver, Colorado 80202
Telephone: (303) 454-0100
E-mail: laura.hurd@usdoj.gov
*Attorney for the United States*

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of August 2024, I electronically filed the foregoing with the Clerk of Court using the ECF system which will send notice to all counsel of record.

s/ *Sheri Gidan*
FSA Federal Paralegal
Office of the U.S. Attorney
