```
                                                                    1


 1              IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF COLORADO
 2
     CASE NO.: 20-cr-00305-DDD 20-mj-00088-KLM
 3   _____

 4   UNITED STATES OF AMERICA,

 5            Plaintiff,
     v.
 6
     MICHAEL AARON TEW,
 7
              Defendant.
 8   _____

 9            Proceedings before KRISTEN L. MIX, United States

10   Magistrate Judge, for the District of Colorado, commencing

11   at 2:08 p.m. on July 9, 2020, in the United States

12   Courthouse, Denver, Colorado.

13   _____

14   WHEREUPON, THE ELECTRONICALLY RECORDED PROCEEDINGS ARE

15   HEREIN TYPOGRAPHICALLY TRANSCRIBED...

16   _____

17                           APPEARANCES

18         HETAL DOSHI, Attorney at Law, appearing on behalf

19   of the Government.

20         MICHAEL SHEEHAN, Attorney at Law, appearing on

21   behalf of the Defendant.

22         ANGELA LEDESMA, appearing on behalf of Probation.

23   _____

24              INITIAL APPEARANCE AND ARRAIGNMENT

25
```

1                    P R O C E E D I N G S

2              (Whereupon, the within electronically recorded

3    proceedings are herein transcribed, pursuant to order of

4    counsel.)

5              THE COURT:  Good afternoon.  Case No. 20-mj-00088,

6    United States of America v. Michael Aaron Tew.  Let's have

7    counsel enter appearances please starting with counsel for

8    the Government.

9              MS. DOSHI:  Good afternoon, Your Honor.  Hetal

10   Doshi for the United States.

11             THE COURT:  Good afternoon.

12             MR. SHEEHAN:  And good afternoon, Your Honor.

13   Michael Sheehan on behalf of Michael Tew.  He appears via

14   video conference.

15             THE COURT:  Good afternoon.  Mr. Tew, you're here

16   for an initial appearance.  I need to inform you of the

17   charges against you and the rights that you have in this

18   court.

19             You've been charged with one count of conspiracy

20   to commit money laundering.  The penalty on that count is

21   not more than 20 years imprisonment, not more than a

22   $500,000 fine or two times the amount laundered, or both

23   imprisonment and a fine; not more that three years of

24   supervised release; and a $100 special assessment fee.

25             Do you understand the general nature of the

3

1  charges against you?

2      THE DEFENDANT:  Yes, I do, Your Honor.

3      THE COURT:  Sir, you have the right to remain

4  silent.  You do not need to speak to anyone about the

5  circumstances that brought you to court today.  If you

6  choose to speak to someone other than your attorney about

7  those circumstances -- can you hear me?

8      THE DEFENDANT:  Yes.  I'm just turning the volume

9  up a little bit, please.

10      THE COURT:  All right.

11      THE DEFENDANT:  Sorry.

12      THE COURT:  I'll start again.  You have the right

13  to remain silent.  You do -- you do not need to speak to

14  anyone about the circumstances that brought you to court

15  today, and if you do choose to speak to someone other than

16  your attorney about those circumstances, what you say can

17  and probably will be used against you in court.

18      If you are questioned by the police or law

19  enforcement, you have the right to refuse to answer

20  questions.  You also have the right to insist that an

21  attorney be present with you during questioning.  If you

22  choose to remain silent, your silence cannot be used against

23  you in court.  Do you understand your right to remain

24  silent?

25      THE DEFENDANT:  Yes.

1        THE COURT:  You also have the right to an
2   attorney, and I understand that Mr. Sheehan is appearing for
3   you.  Are you asking the Court to appoint a free attorney
4   for you today or are you hiring your own lawyer?
5        MR. SHEEHAN:  And Your Honor, I should clarify.
6        THE DEFENDANT:  Hiring my own.
7        MR. SHEEHAN:  I've been retained by -- by Mr. Tew.
8        THE COURT:  All right.  Thank you.  You -- you are
9   not requesting, Mr. Tew, that I appoint a free attorney for
10  you?
11       THE DEFENDANT:  No.
12       THE COURT:  All right.  All right.  Let's see.  Is
13  the Government seeking detention here, Ms. Doshi?
14       MS. DOSHI:  Your Honor, we are not.  I believe
15  that there are conditions or a combination of conditions
16  that could secure the future appearance of Mr. Tew and
17  protect the community.  If I may make a brief record on that
18  point, and then identify the conditions that the Government
19  is seeking with the Court's permission.
20       THE COURT:  Yes.  Go ahead.
21       MS. DOSHI:  The -- the underlying offense, as the
22  Court is aware from the criminal complaint, is a complex
23  money laundering conspiracy involving a number of bank
24  accounts, many of which are crypto currency accounts that
25  may be offshore.

1        And so the Government's concern is twofold with
2   respect to Mr. Tew, but I believe we found a way to address
3   those two -- those concerns.
4        The first is his potential access to significant
5   assets beyond, you know, the things that are immediately
6   available in traditional bank accounts.  But second,
7   yesterday Mr. Tew made reference to and tried to procure
8   additional funds so that he could leave the country
9   understanding that the FBI and IRS investigation was
10  ongoing.
11       And so in light of that flight issue, I think that
12  the conditions that are appropriate here for release.  Other
13  than that, I'm not aware of any other conditions or
14  circumstances that Mr. Tew possesses that would be a danger
15  to the community or otherwise create a risk of
16  nonappearance.
17       Given that, those facts, however, I think a
18  $20,000 unsecured bond is appropriate here in addition to
19  Mr. Tew surrendering his passport.  Also having a travel
20  restriction limiting him to the state of Colorado, also an
21  ankle monitor with GPS location monitoring; and that he also
22  have normal -- the normal financial conditions that I
23  typically seek in white collar cases, which I've previously
24  provided to probation and can identify to the Court if you
25  want me to go through each of them.

1           And then finally, pursuant to the -- the motion to
2    restrict that I just filed that the Court entered, I'd ask
3    another special condition that Mr. Tew not share the
4    complaint or arrest warrant with anyone other than his
5    attorney for a period of 90 days or unless the Court orders
6    otherwise.
7           THE COURT:  All right.  Thank you.  Mr. Sheehan,
8    do you have anything to add with respect to that issue on
9    release?
10          MR. SHEEHAN:  Your Honor, I would add that I've
11   spoken with Ms. Doshi about this case a couple of times this
12   morning.  I'm clear on all the conditions that she just
13   outlined for the Court.
14          And I actually just met with Mr. Tew downstairs
15   and went through each and every one of them with him in
16   person, and he has no objection to any of those conditions
17   and understands what's expected of him moving forward.
18          THE COURT:  All right, thank you.  To go along
19   with the GPS monitoring as proposed by the Government, the
20   Court would impose the followings restriction, which is that
21   the defendant is restricted to his residence at all times
22   except for employment, education, religious services,
23   medical, substance abuse, or mental health treatment,
24   attorney visits, court appearances, Court-ordered
25   obligations, or other activities approved in advance by the

1    Pretrial Services Office or the supervisor officer.  Is that
2    acceptable to the Government?
3             MS. DOSHI:  It is, Your Honor.  And if I may ask
4    for one additional -- I don't have the bond paperwork with
5    the standard conditions filled out.  I would ask that the
6    box that is often checked about getting Court permission
7    prior to becoming a cooperation or an informant be unchecked
8    in this circumstance.
9             THE COURT:  Yes.
10            MS. DOSHI:  And the other -- otherwise, the -- the
11   home confinement restriction that the Court just articulated
12   is amenable to the Government.  Thank you.
13            THE COURT:  All right.  Thank you.  Any objection
14   to that, Mr. Sheehan?
15            MR. SHEEHAN:  Not an objection, Your Honor, but I
16   would -- I know that Mr. Tew and his wife would be concerned
17   about one of their daughters, who has a mild form of autism
18   who goes -- who gets treatment in Centennial at a place
19   called the STAR Institute.
20            She's -- their daughter is five years old, and I
21   would just -- I bring it up just to make sure that that
22   would be something that would fit within the parameters of
23   what you're ordering.
24            THE COURT:  I think medical treatment for the care
25   of their minor daughter would be permitted under the home

1  detention order that I'm ordering.
2          MR. SHEEHAN:  Okay.  Thank you.
3          THE COURT:  You're welcome.  All right.  Mr. Tew,
4  I need to make sure that you understand the conditions of
5  your release here.  This is a $20,000 unsecured bond.  That
6  means that in the event that you violate the conditions of
7  your release, you will forfeit $20,000.
8          You must promise not to violate any federal,
9  state, or local law while on release.  You must cooperate in
10 the collection of a DNA sample if that is authorized under
11 the law.  You must advise the Court or your pretrial
12 services officer or a supervising officer in writing before
13 you make any change to your residence or your telephone
14 number.
15         You must appear in court as you are required to
16 appear, and if convicted, you must surrender as directed to
17 serve a sentence that the Court may impose.
18         You also must surrender your passport.  You -- you
19 will submit to supervision and report to supervision by the
20 United States Probation Office in -- in -- at 1929 Stout
21 Street in Denver.
22         You must surrender your passport to the clerk of
23 the court within two business days.  You may not obtain a
24 passport or another international travel document.  Your
25 travel will be restricted to the state of Colorado unless

 1   you get permission from the Court to go elsewhere.
 2           You must avoid all contact -- well, let's talk
 3   about that, Ms. Doshi.  I understand -- is the Government
 4   seeking a no-contact order with codefendants, if any?
 5           MS. DOSHI:  We are not at this time, Your Honor.
 6           THE COURT:  All right.  Thank you.  Continuing on
 7   the conditions.  Mr. Tew, you will be restricted to your
 8   residence at all times except for employment, education,
 9   religious services, medical, substance abuse, or mental
10   health treatment -- that includes medical treatment for your
11   daughter -- attorney visits, court appearances,
12   Court-ordered obligations, and other activities approved in
13   advance by the Pretrial Services Office or by the
14   supervising officer.
15           You will submit to location monitoring, GPS
16   monitoring as directed by the supervising officer, and
17   you'll pay all or part of the cost of that program based on
18   your ability to pay.
19           You may not act as an informant for any law
20   enforcement agency without prior permission of the Court,
21   and you must not share the complaint or the arrest documents
22   with anyone except your attorney in this case.
23           Do you understand the condition -- or I'm sorry.
24   There are additional financial conditions, and they are
25   these:  Any employment --

1        MS. DOSHI:  Your Honor, if I may interrupt for
2   just one moment.  I apologize --
3        THE COURT:  Yes.
4        MS. DOSHI:  -- for the interruption.  I was
5   actually asking that the -- the -- the standard condition
6   that you just read about you may not serve as an informant
7   without prior permission of the Court be unchecked, that it
8   not be applicable here.
9        THE COURT:  All right.
10       MS. DOSHI:  If that is amenable to the Court.
11       THE COURT:  Thank you.  I'll make that correction.
12  That does not apply.  All right.  The financial conditions
13  are these:  Your employment must be approved in advance by
14  the supervising officer.  You must provide verification of
15  any income or funds received.  You must provide access to
16  any financial records requested by the supervising officer.
17       You may not commingle personal and business funds.
18  You shall not register any business entities without prior
19  disclosure to the supervising officer.  You must notify the
20  supervising officer of the registration of any business
21  entities by your family members.
22       You must notify third parties of risks that may be
23  occasioned by your personal history or characteristics, and
24  you must permit the probation office to make such
25  notifications and to confirm your compliance with the

1    notification requirement.

2            You must not conduct any financial transactions

3    through the financial account of any business entity not

4    previously disclosed to the supervising officer or through

5    any other individual's financial account.  You must not

6    solicit or receive money from third parties without prior

7    approval by the supervising officer.

8            Do you understand the conditions of your release?

9    Can you say it out loud, please?

10           THE DEFENDANT:  Yes, yes.

11           THE COURT:  Are you authorizing me to indicate

12   that you would sign the bond form and promise to comply with

13   the conditions of release?

14           THE DEFENDANT:  Yes, Your Honor.

15           THE COURT:  All right.  I've signed the bond

16   paperwork.  I see that we have a United States probation

17   officer on the video with us.  How are we going to handle

18   the GPS monitoring?

19           OFFICER LEDESMA:  Your Honor, since Mr. Tew is in

20   the Arraj, once he's released from there, he can walk over

21   to our office today.

22           THE COURT:  All right.  Thank you.  Then the bond

23   paperwork has been executed.  Mr. Tew will be released after

24   processing.  Anything further from the Government with

25   respect to Mr. Tew today?  I guess we need to set a next

```
 1   hearing for an arraignment and discovery conference; is that

 2   right?

 3           MS. DOSHI:  I think that we can -- if we can do

 4   the arraignment today and we can set a preliminary hearing,

 5   which would also be required here in 21 days now that he's

 6   not going to be in custody.

 7           We expect that there's a possibility that that

 8   preliminary hearing may be waived, but we should go ahead

 9   and get it set, Your Honor, if we can.

10           THE COURT:  All right.  With respect to the

11   arraignment, Mr. Sheehan, is the defendant prepared to enter

12   a plea today?

13           MR. SHEEHAN:  He is, Your Honor.  He would enter a

14   not guilty plea.

15           THE COURT:  All right.  Thank you.  The not guilty

16   plea is received.  All right.  Then let's set a preliminary

17   hearing date.  We're looking at 21 days from today, which

18   would be July 30th.  Do we have time on the docket then?

19           THE DEPUTY:  Yes, Your Honor, 2:00 p.m.

20           THE COURT:  July 30th at 2:00 p.m.  Will that work

21   for counsel?

22           MS. DOSHI:  That does, Your Honor.

23           MR. SHEEHAN:  Your Honor, I have a hearing in

24   another jurisdiction at 2:30.  Would it be possible to set

25   it a little bit earlier?
```

1          THE COURT:  Can we do it in the morning by any
2    chance?
3          THE DEPUTY:  We generally aren't setting them in
4    the morning.
5          THE COURT:  In the morning.  Oh, that's right.
6          THE DEPUTY:  We can do the day before.
7          THE COURT:  How about on the 19th at 2:00 p.m.?
8          THE DEPUTY:  29th.
9          THE COURT:  Or I'm sorry.  On the 29th at 2:00
10   p.m.?
11         MR. SHEEHAN:  That would work great for the
12   defense.
13         THE COURT:  Will that work for you, Ms. Doshi?
14         MS. DOSHI:  If I may have a moment to check my
15   calendar.
16         THE COURT:  You may.
17         MS. DOSHI:  That works for the Government, Your
18   Honor.
19         THE COURT:  All right.  Thank you.  Then the
20   preliminary hearing in this matter will be set for July 29,
21   2020 at 2:00 p.m.
22         All right.  Anything further then from the
23   Government this afternoon?
24         MS. DOSHI:  No.  Thank you, Your Honor.
25         THE COURT:  Thank you.  Anything further, Mr.

14

1  Sheehan?

2        MR. SHEEHAN:  No.  Thank you.

3        THE COURT:  Thank you.  We're in recess with

4  respect to Mr. Tew.

5        (Whereupon, the within proceedings concluded at

6  2:22 p.m.)

7

8             TRANSCRIBER'S CERTIFICATE

9        I certify that the forgoing is a correct

10 transcript, to the best of my knowledge and belief (pursuant

11 to the quality of the recording) from the record of

12 proceeding in the above-entitled matter.

13

14 /s/Brittany Payne                January 28, 2025

15 Signature of Transcriber              Date

16

17

18

19

20

21

22

23

24

25