1

```
IN THE UNITED STATES DISTRICT COURT
     FOR THE DISTRICT OF COLORADO

CASE NO.: 20-cr-00305-DDD 20-mj-00088-KLM
_____

UNITED STATES OF AMERICA,

        Plaintiff,

v.

MICHAEL AARON TEW,

        Defendant.
_____

        Proceedings before NINA Y. WANG, United States
Magistrate Judge, for the District of Colorado, commencing
at 1:33 p.m. on September 29, 2020, in the United States
Courthouse, Denver, Colorado.
_____

WHEREUPON, THE ELECTRONICALLY RECORDED PROCEEDINGS ARE
HEREIN TYPOGRAPHICALLY TRANSCRIBED...
_____

            APPEARANCES

    HETAL DOSHI AND MATTHEW KIRSCH, Attorneys at Law,
appearing on behalf of the Government.
    EDWARD HARRIS, Attorney at Law, appearing on
behalf of the Defendant.
_____

         STATUS CONFERENCE
```

```
 1                    P R O C E E D I N G S
 2             (Whereupon, the within electronically recorded
 3   proceedings are herein transcribed, pursuant to order of
 4   counsel.)
 5             THE DEPUTY:  Court is now in session.
 6             THE COURT:  Good afternoon, everyone.  We are on
 7   the record in 20-cr-305, United States of America v. Michael
 8   Aaron Tew.  Can I have appearances of counsel first.
 9             MS. DOSHI:  Good afternoon, Your Honor.  Hetal
10   Doshi and Matthew Kirsch for the United States.
11             MR. HARRIS:  Good afternoon, Your Honor.  Edward
12   Harris appearing with Mr. Tew, each of us appearing
13   virtually.
14             THE COURT:  All right.  Mr. Tew, can you hear me?
15   Yes?
16             THE DEFENDANT:  Yes, Your Honor.
17             THE COURT:  All right.  So first I'm going to ask
18   all the participants who are appearing by video and
19   teleconference to mute your lines.  The -- unless you're
20   speaking.  The Court is conducting these proceedings by
21   video and teleconference pursuant to the CARES Act and the
22   district court's general orders, which order that certain
23   pretrial criminal proceedings take place by using remote
24   attendance and other social distancing means to the full
25   extent practicable.
```

1          This is based on the Court's response to the

2    spread of the COVID-19 virus and its efforts to assist in

3    preserving public health and safety during this national

4    emergency.

5          Based on district court -- the district court's

6    general orders, all persons participating in and attending

7    these proceedings remotely by video or teleconference are

8    prohibited under the penalty of contempt from recording or

9    broadcasting the proceedings in any manner.

10         So Mr. Tew, can you see your attorney as well?

11         THE DEFENDANT:  Yes, Your Honor.

12         THE COURT:  And Mr. Harris, you are working from

13   your home office; is that correct?

14         MR. HARRIS:  Yes, Your Honor.

15         THE COURT:  Mr. Tew, you will be provided the

16   opportunity to privately consult with your attorney at any

17   time if necessary, but you need to let me know so I can make

18   the technological arrangements, okay?

19         THE DEFENDANT:  Okay.

20         THE COURT:  These proceedings will proceed in the

21   same manner as they would if you were sitting here in my

22   courtroom, but instead will be conducted by video due to

23   concerns around the COVID-19 pandemic.

24         Have you had an opportunity to consult can your

25   attorney about appearing by video?

 1               THE DEFENDANT:  Yes, Your Honor.

 2               THE COURT:  And do I have your permission or

 3    consent to proceed by video today?

 4               THE DEFENDANT:  Yes, Your Honor.

 5               THE COURT:  All right.  So we are here for a

 6    status conference.  My understanding based on what's been

 7    filed earlier this week is that you are intending to waive

 8    your right to indictment and proceed by information in this

 9    case; is that right?

10               MR. HARRIS:  That -- that's correct.  That's what

11    Mr. Tew intends.

12               THE COURT:  All right.  So in order to do that,

13    there are a number of things that I need to ask you so that

14    I can assure the Court that you are proceeding willingly and

15    that you've been advised in open court with respect to the

16    charges and the potential consequences that you face to make

17    sure that you know and understand what is happening.  So let

18    me pull that up.

19               All right.  So Mr. Tew, I'm going to have my

20    courtroom deputy administer an oath to you.  So could you

21    raise your right hand, please.  Only the witness.

22               THE DEPUTY:  I'll unmute myself.  Do you solemnly

23    swear or affirm under the pains and penalties of perjury

24    that the testimony you shall give in this matter now before

25    the Court shall be the truth, the whole truth, and nothing

```
 1   but the truth?
 2           THE DEFENDANT:  Yes.
 3           (Defendant sworn.)
 4           THE COURT:  All right.  So could you state your
 5   full name, sir.
 6           THE DEFENDANT:  Michael Aaron Tew.
 7           THE COURT:  And how old are you, sir?
 8           THE DEFENDANT:  41.
 9           THE COURT:  How far did you go in school?
10           THE DEFENDANT:  Master's degree.
11           THE COURT:  And what was your last job?
12           THE DEFENDANT:  I'm a consultant.  So I'm
13   self-employed.
14           THE COURT:  Okay.  Are you able to speak and
15   understand English today?
16           THE DEFENDANT:  Yes.
17           THE COURT:  And are you currently or have you
18   recently been in the care of a physician or a psychiatrist
19   or have been hospitalized or treated for narcotics
20   addiction?
21           THE DEFENDANT:  No.
22           THE COURT:  Have you taken any drugs, medication
23   or pills or drunk any alcoholic beverage in the past 24
24   hours that would affect your ability to understand the
25   proceedings today or respond accurately?
```

 1              THE DEFENDANT:  No.

 2              THE COURT:  Do you have an attorney?

 3              THE DEFENDANT:  Yes.

 4              THE COURT:  And have you been furnished with a

 5    copy of the information?

 6              THE DEFENDANT:  Yes.

 7              THE COURT:  All right.  So turning to the --

 8              THE DEFENDANT:  Yes.

 9              THE COURT:  -- to the information -- and I

10    apologize, Ms. Doshi.  I don't have the -- I know you sent

11    the penalty sheet to my chambers, but I actually don't have

12    it in front of me.  Oh.  Well, my courtroom deputy --

13              MS. DOSHI:  Would it be helpful --

14              THE COURT:  Actually --

15              MS. DOSHI:  -- for me to resend it?

16              THE COURT:  -- my courtroom deputy is better than

17    I am.  So she has put it in, and I have it.

18              MS. DOSHI:  Okay.  Thank you, Your Honor.

19              THE COURT:  So you are being charged by

20    information with three counts.  Count 1 is a violation of 18

21    U.S.C. Section 1349, a conspiracy charge and an attempt for

22    money laundering.  The penalty associated with Count 1 is

23    not more than 20 years imprisonment, not more than a

24    $250,000 fine or two times the amount of gain or loss,

25    whichever is greater, or both imprisonment and a fine, not

1  more than five years of supervised release, and $100 special
2  assessment fee.
3         Count 2 is a violation of 18 U.S.C. section 1957,
4  engaging in monetary transactions in property derived by
5  specified unlawful activity.  The penalty associated with
6  Count 2 is not more than 10 years imprisonment, not more
7  than a $250,000 fine or both -- a 250,000 fine or two times
8  the amount laundered, whichever is greater or both
9  imprisonment and a fine, not more than three years of
10 supervised release, and $100 special assessment fee.
11        And Count 3 is a violation of 26 U.S.C. Section
12 7201, an attempt to evade or defeat tax.  The penalty
13 associated with Count 3 is not more than five years of
14 imprisonment, not more than a $250,000 fine or both
15 imprisonment and fine, not more than three years of
16 supervised release, costs of prosecution, and a $100
17 assessment fee.
18        Do you understand the charges that you face and
19 potential consequences?
20        THE DEFENDANT:  Yes, Your Honor.
21        THE COURT:  You have a constitutional right to be
22 charged by indictment by a grand jury, but you could waive
23 that right and consent to being charged by information by
24 the United States Attorney.
25        Instead of an indictment, these felony charges

8

1  against you have been brought by the US Attorney's by the
2  filing of an information.  Unless you waive the indictment,
3  you may not be charged with a felony unless a grand jury
4  finds by return of an indictment that there is probable
5  cause to believe that a crime has been committed and that
6  you committed it.  If you do not waive the indictment, the
7  Government may present the case to a grand jury and ask it
8  to indict you.
9          A grand jury is composed of at least 16 and not
10 more than 23 persons, and at least 12 grand jurors must find
11 that there is probable cause to believe you committed the
12 crime for which you are charged in order for you to be
13 indicted.
14         The grand jury may or may not indict you.  If you
15 waive indictment by grand jury, the case will proceed
16 against you on the US Attorney's information just as though
17 you had been indicted.
18         Mr. Tew, have you discussed waiving your right to
19 indictment by grand jury with your attorney?
20         THE DEFENDANT:  Yes, Your Honor.
21         THE COURT:  And do you understand your right to
22 indictment by a grand jury?
23         THE DEFENDANT:  Yes, Your Honor.
24         THE COURT:  Have any threats or promises been made
25 to you to induce you to waive your right to indictment?

9

1           THE DEFENDANT:  No.

2           THE COURT:  And do you wish to waive your right to

3  indictment by grand jury?

4           THE DEFENDANT:  Yes.

5           THE COURT:  I have in front of me a waiver

6  executed.  Do you recall signing this?

7           THE DEFENDANT:  I'm sorry.  Is there a question?

8  I couldn't hear clearly.  I apologize.

9           THE COURT:  Do you recall executing or signing

10  this waiver --

11           THE DEFENDANT:  Oh.

12           THE COURT:  -- of indictment?

13           THE DEFENDANT:  Yes.  Yes, Your Honor.

14           THE COURT:  All right.  So I will accept your

15  knowing and voluntary waiver of the indictment in this case.

16  I will sign the waiver of indictment.  Are you all ready to

17  proceed to arraignment with respect to the information?

18           MR. HARRIS:  Yes, Your Honor.

19           THE COURT:  All right.  Would you like, Mr. Harris

20  --

21           MS. DOSHI:  And Your Honor --

22           MR. HARRIS:  Oh.  Go ahead, Ms. Doshi.

23           THE COURT:  Go ahead.

24           MS. DOSHI:  I apologize, Judge Wang.  I didn't

25  intend to interrupt.  I just wanted the opportunity to say

1  that I think I may have misheard, but I wanted to make sure
2  the record was clear that for Count 1, it's an attempt or
3  conspiracy to commit wire fraud, not money laundering, and I
4  may have misheard the Court on that, but I just wanted to
5  make sure Mr. Tew was clear on that.
6              THE COURT:  Thank you, Ms. Doshi.  All right.  So
7  Count 1 is -- and I apologize if I misspoke -- an attempt
8  and conspiracy to commit wire fraud with the associated
9  penalty described.
10             Mr. Harris, would your client like a formal
11 reading of the charges against him or further advisement of
12 his rights before he tenders a plea?
13             MR. HARRIS:  No, Your Honor.  We waive both of
14 those and at this time enter a plea of not guilty.
15             THE COURT:  All right.  The record will reflect
16 that the defendant, Michael Aaron Tew, has waived a right to
17 a formal reading of the charges against him and further
18 advisement of his rights, that he has tendered a plea of not
19 guilty to each of the three charges against him by
20 information, and that he is now arraigned.
21             So do you all want to proceed to scheduling, or do
22 you want to set this out for another discovery conference?
23 What is your preference?
24             MS. DOSHI:  Your Honor, because this is an
25 information, we don't think a discovery conference or

1  discovery conference memorandum is required.  We're in
2  discussions and consultation with defense counsel and any
3  discovery that they may seek.
4           We also don't need a detention hearing unless
5  defense counsel thinks otherwise because the Government does
6  not object to the continuation of bond, which is where Mr.
7  Tew is right now.
8           THE COURT:  All right.  I can't --
9           MR. HARRIS:  And that's -- that's correct, Your
10 Honor.  We -- just by way of a heads up with respect to
11 detention, he is not detained currently, and I will later
12 this afternoon be filing a motion to modify his bond
13 conditions; however, that's likely to go in front of
14 Magistrate Judge Mix --
15          THE COURT:  Uh-huh.
16          MR. HARRIS:  -- I assume probably by way of
17 referral down once a district court judge is assigned.  She
18 was the one who set the original conditions.
19          Secondly, just as a logistical matter and
20 reflective more of the fact that I don't think I've ever
21 found this in this context, I earlier today about an hour
22 ago filed a motion to restrict the level 1 restriction, the
23 information, and I don't have an ECF number on it.  It would
24 be whatever the last ECF filing was.
25          THE COURT:  Uh-huh.

1        MR. HARRIS:  My understanding in looking at Local
2  Rule 47.1 and specifically Sub D and Sub E is that the
3  clerk's office, when a motion of this type is pending, will
4  docket it as restricted sort of pending --
5        THE COURT:  Uh-huh.
6        MR. HARRIS:  -- a ruling on the motion, and
7  there's like a three-day notice period to the public should
8  anyone choose to chime in from outside the parties.  That
9  would take us three business days until Friday, but the rule
10  actually speaks in terms of the passage of those days, which
11  would take us to Monday.
12        What I would ask in -- in light of that is that we
13  schedule a hearing for some time next week on that motion if
14  the Court believes a hearing is necessary on the motion.
15        THE COURT:  Okay.
16        MR. HARRIS:  It's also possible for the Court to
17  rule on the paper.
18        THE COURT:  All right.  So you're referring to the
19  motions to restrict?
20        MR. HARRIS:  Yes.
21        THE COURT:  So because the motions to restrict are
22  reflected in the mj docket based on the complaint, those are
23  pending before Magistrate Judge Mix.  And you're correct,
24  Mr. Harris, that any modifications to the pretrial release
25  conditions for the defendant would be in the first instance

1   contemplated by Judge Mix unless she alerts me as the DD
2   judge that there's some reason that she couldn't rule on it
3   and that she needs me to step in her stead.
4           I don't have the expectation that that will occur,
5   but again, in the first instance, the practice of the
6   magistrate judge bench here is that the individual who set
7   the conditions of release has an opportunity to in the first
8   instance consider the modification or revocation of any such
9   conditions.
10          So I would expect that Judge Mix knows that these
11  various motions to restrict are pending.  You are correct
12  that until and unless the magistrate judge orders them
13  unrestricted, they have been filed as restricted on the
14  docket.  So all it says is, "Restricted document," and that
15  Judge Mix will take care of those as well, okay?
16          MR. HARRIS:  Thank you.
17          THE COURT:  All right.  Anything further on this
18  matter today?
19          MS. DOSHI:  Not for the Government.  Thank you
20  very much, Your Honor.
21          MR. HARRIS:  Not for the defense.  Thank you, Your
22  Honor.
23          THE COURT:  All right.  Mr. Tew, you will continue
24  on the conditions of your release, and we will be in recess.
25  Thank you.

14

1          (Whereupon, the within proceedings concluded at

2     1:49 p.m.)

3

4                    TRANSCRIBER'S CERTIFICATE

5          I certify that the forgoing is a correct

6     transcript, to the best of my knowledge and belief (pursuant

7     to the quality of the recording) from the record of

8     proceeding in the above-entitled matter.

9

10    /s/Brittany Payne                January 28, 2025

11    Signature of Transcriber              Date

12

13

14

15

16

17

18

19

20

21

22

23

24

25