1

```
 1            IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF COLORADO
 2
     CASE NO.: 20-cr-00305-DDD  20-mj-00088-KLM
 3   _____

 4   UNITED STATES OF AMERICA,

 5         Plaintiff,

 6   v.

 7   MICHAEL AARON TEW,

 8         Defendant.

 9   _____

10         Proceedings before KRISTEN L. MIX, United States

11   Magistrate Judge, for the District of Colorado, commencing

12   at 1:31 p.m. on October 8, 2020, in the United States

13   Courthouse, Denver, Colorado.

14   _____

15   WHEREUPON, THE ELECTRONICALLY RECORDED PROCEEDINGS ARE

16   HEREIN TYPOGRAPHICALLY TRANSCRIBED...

17   _____

18                          APPEARANCES

19         HETAL DOSHI AND MATTHEW KIRSCH, Attorneys at Law,

20   appearing on behalf of the Government.

21         EDWARD HARRIS, Attorney at Law, appearing on

22   behalf of the Defendant.

23         CARLOS MORALES, appearing on behalf of Probation.

24   _____

25                        MOTION HEARING
```

PATTERSON TRANSCRIPTION COMPANY
scheduling@pattersontranscription.com

1                P R O C E E D I N G S

2         (Whereupon, the within electronically recorded

3   proceedings are herein transcribed, pursuant to order of

4   counsel.)

5         THE COURT: All right. Thank you. Good

6   afternoon. Court is in session. This is 20-cr-00305,

7   United States of America V. Michael Aaron Tew. Let's have

8   counsel enter appearances, please, starting with counsel for

9   the Government.

10        MS. DOSHI: Thank you, Your Honor. Good

11  afternoon. Hetal Doshi and Matt Kirsch for the United

12  States.

13        THE COURT: Good -- good afternoon.

14        MR. HARRIS: Good afternoon, Your Honor. Edward

15  Harris appearing for Mr. Tew. We're both appearing

16  virtually from our respective homes, and Mr. Tew is present.

17        THE COURT: All right. Good afternoon, Mr.

18  Harris. Mr. Tew, good afternoon. We're here on the

19  unopposed motion to modify bond, which was filed on the

20  electronic docket at Number 42. I have read the motion, and

21  Mr. Harris, I'll hear from you first.

22        MR. HARRIS: Thank you, Your Honor. I don't -- I

23  don't necessarily have anything to add to the motion unless

24  the Court has a question on it.

25        THE COURT: I do not. I was interested in whether

1  the Government had anything to add.  I know it's unopposed,
2  but nevertheless, Ms. Doshi.
3           MS. DOSHI:  Yes, Your Honor.  Just very briefly.
4  Because it is unopposed, we don't -- the Government doesn't
5  disagree that some form of step-down on the conditions of
6  release are warranted here.  We just -- maybe disagree is a
7  strong word.
8           We just think that the specific relief asked for
9  with respect to removing all GPS is perhaps a bit premature
10 here, which is why we are advocating for the smaller
11 step-down of moving from home detention to home curfew with
12 GPS.
13          That's something that we think is appropriate
14 until Mr. Tew has pled guilty, and so that's why we're
15 advocating for a more modest step-down than perhaps Mr. Tew
16 is seeking.
17          THE COURT:  All right.  Thank you.  And Mr.
18 Harris, do you want to make comments about that, or are you
19 going to stand on what's in the written motion?
20          MR. HARRIS:  I'll stand on what's in the written
21 motion, Your Honor.  I mean, we believe that -- that curfew
22 is sufficient without GPS for the reasons stated.
23          THE COURT:  All right.  Thank you.  I -- I see
24 that Mr. Tew has disappeared from at least my screen.  I
25 want to make sure that he's on video and hearing us.

1           MR. HARRIS:  He has disappeared from my screen as
2   well, but he still appears on the participant list.
3           THE DEFENDANT:  Yes, Your Honor.  I'm here.
4   Sorry.  I had a screen sharing thing or something.  I'm not
5   sure what's going on.  I keep seeing that.
6           THE COURT:  All right.
7           THE DEFENDANT:  I apologize.  Can everyone see me
8   on here?  I'm -- I'm listening.
9           THE COURT:  I can actually see you when I move to
10  a share screen, but I can't see you on my normal screen, but
11  Mr. Tew, so long as you are there and you can hear me, I'm
12  going to be satisfied with that.  The Court has --
13          THE DEFENDANT:  I can hear everybody.
14          THE COURT:  All right.  Thank you.  The Court has
15  reviewed the motion, and the Court finds good cause to
16  modify the conditions of bond.  I do believe that a
17  step-down is appropriate in these circumstances in light of
18  the information that's provided in the motion.
19          I tend to agree with the Government that we
20  shouldn't push things and make this both a removal of the
21  home detention condition and the GPS monitoring at the same
22  time.
23          It seems as if removing home detention condition
24  will allow Mr. Tew some of the freedom that he needs in
25  order to care for his daughter, who has some special needs,

1  and also to take care of other things in his life like the

2  need to find a new place to live.

3         So for the time being, the Court will grant the

4  motion in part, will modify the defendant's bond to remove

5  the home detention condition.

6         To the extent that counsel for the Government and

7  for the defendant believe in the future that it's

8  appropriate to modify the bond even further, to remove the

9  GPS monitoring, you may of course notify of that -- me of

10 that by filing a joint motion, and in the event that you do

11 file a joint motion to that effect in the future, it is

12 unlikely that I will require a separate hearing on that

13 matter having now heard from both of you and understanding

14 what the status is with respect to this defendant.

15        So is there anything further that we need to

16 address today from the Government, Ms. Doshi?

17        MS. DOSHI: Your Honor, if I may just clarify. So

18 the GPS condition will remain intact, and will the home

19 curfew by at 9:00 p.m.?

20        THE COURT: Yes. The Government has suggested, as

21 far as I understood from reading the motion, a 9:00 p.m.

22 curfew, and the defendant had no objection to that. Does

23 that stand, Mr. Harris, no objection to the 9:00 p.m.

24 curfew?

25        MR. HARRIS: That's correct, Your Honor.

```
 1            THE COURT:  All right.  Yes.  Then home -- the GPS
 2   monitoring condition will remain the curfew will be 9:00
 3   p.m., and the home detention condition of course will be
 4   removed.
 5            MS. DOSHI:  Thank you, Your Honor.  Nothing
 6   further for the Government.
 7            THE COURT:  Thank you.  And Mr. Harris, anything
 8   further from you?
 9            MR. HARRIS:  No, Your Honor.
10            THE COURT:  All right.  Thank you.  We'll be in
11   recess.
12            (Whereupon, the within proceedings concluded at
13   1:35 p.m.)
14
15              TRANSCRIBER'S CERTIFICATE
16            I certify that the forgoing is a correct
17   transcript, to the best of my knowledge and belief (pursuant
18   to the quality of the recording) from the record of
19   proceeding in the above-entitled matter.
20
21   /s/Brittany Payne                January 28, 2025
22   Signature of Transcriber              Date
23
24
25
```